ALICE EAVES v. C. G. LANDIS, JUSTICE OF THE PEACE.

Decided February 20, 1924.

**Mandamus—Justice of the Peace—County Court—Jurisdiction.**

> This court has no right to issue writs of mandamus of any kind except those involving the enforcement of its own jurisdiction, and where the application for mandamus to compel the County Judge of Potter County to hear a case by compelling the Justice of the Peace to make up a transcript, etc., from a judgment rendered against applicant in said justice Court, the same must be denied. Following Ex Parte Fermin, 60 Texas Crim. Rep., 222, and other cases.

Appeal from the County Court of Potter. Tried below before the Honorable Sam B. Motlow.

Application for mandamus to compel the County Judge to compel the Justice of the Peace to make transcript of a case in said Justice Court to be brought to said County Court.

The opinion states the case.

*A. M. Mood,* for applicant.

*Tom Garrard* and *Grover C. Morris* Assistants Attorney General, for the State.

LATTIMORE, JUDGE.—This appears to be an application to this court for a mandamus to compel the county judge of Potter County to hear a case or to compel the justice of the peace of precinct No. 1 of Potter County to make up a transcript in order that applicant, Alice Eaves, may appeal from a judgment rendered against her in said Justice Court. When the matter was originally before us we concluded then as now that we had no jurisdiction, and an opinion was prepared by us in which we stated a number of things not necessary to the decision of the question at issue, and it appearing that some of our statements which were dicta may not be well founded and may be used to the future prejudice of applicant's case in another court, we withdraw said opinion formerly handed down by us and substitute this one.

Applicant pleaded guilty in the Justice Court to being a vagrant and judgment was so entered assessing a fine of one dollar and costs

and she was placed in jail and there kept for five days, a check then being turned over to the justice of the peace which was used by him to pay the fine of applicant and another woman, or practically all of said fines. Applicant was then released. Later, concluding to appeal from said judgment, she prepared and presented to the justice of the peace an appeal bond and he refused to make out for her a transcript of the proceedings in his court for the reason that he was of opinion the judgment was settled. Applicant then went to the county judge of Potter County asking for a writ of mandamus, which was by the said judge refused. She brings the matter up for some kind of review at our hands. This court is entirely without power to grant applicant either a writ of mandamus to said justice of the peace or any kind of writ commanding the county judge of Potter County to grant to applicant a writ of mandamus. Chapter 2 of Vernon's C. C. P. defines the jurisdiction of this court, and upon that and other authority we conclude that we have no right to issue writs of mandamus in any kind of cases except those involving the enforcement of our own jurisdiction. Ex Parte Quesada, 34 Texas Crim. Rep., 116; Ex Parte Firmin, 60 Texas Crim. Rep., 222. Under our statutes authority to issue writs of mandamus in matters of the character now sought to be here invoked if same exists at all, seems to be reposed in other courts than ours.

The application will be dismissed.

*Dismissed.*