Leonard Thomas **BRADLEY**, Relator,

v.

John H. **MILLER** et al., Respondents.

No. 43335.

Court of Criminal Appeals of Texas.

Oct. 14, 1970.

Stone, Luther & Dyer, by Curtis B. Dyer, Corpus Christi, for relator.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This proceeding involves an application for writ of mandamus seeking to prevent a second robbery trial growing out of the same transaction. Said application alleges that the relator was convicted on May 21, 1970, in the 36th District Court of San Patricio County of the robbery of one R. B. Bailey, Jr., and that his punishment of ten years was assessed by the jury who recommended probation. It further states that Bailey, the alleged injured party, as well as one Lee Millikin testified as to the multi-victim robbery and that in fixing the conditions of probation the court required the relator to pay restitution to both Bailey and Millikin. The application further alleges that subsequent to such action a second indictment has been returned charging the relator with the offense of robbery by firearms of Millikin growing out of the same transaction and identical acts as the first conviction, and that the trial judge has summarily overruled his plea of former conviction.[1] Therefore, relator seeks to have this Court mandamus the district judge, district attorney and the district clerk to dismiss the second indictment.[2]

The Court of Criminal Appeals has appellate jurisdiction coextensive within the limits of the state in all criminal cases, and original jurisdiction to issue the writ of habeas corpus and under such regulations as may be prescribed by law, power to issue such writs as may be necessary to enforce its own jurisdiction. Article V, Sec. 5, Texas Constitution, Vernon's Ann.St.; Article 4.04, Vernon's Ann.C.C.P.

■ Thus, it is clear that the Court of Criminal Appeals has no general but only limited writ of mandamus authority. Millikin v. Jeffrey, 117 Tex. 134, 299 S.W. 393. It can issue mandamus only to enforce its own jurisdiction. Ex parte Quesada, 34 Tex.Cr.R. 116, 29 S.W. 473; Ex parte Firmin, 60 Tex.Cr.R. 222, 131 S.W. 1116; Eaves v. Landis, 96 Tex.Cr.R. 555, 258 S.W. 1056; Ex parte Boehme, 158 Tex.Cr.R. 597, 259 S.W.2d 201; Ex parte Rubison, 170 Tex.Cr.R. 314, 340 S.W.2d 815; Pope v. Ferguson, Tex., 445 S.W.2d 950, 955. See also 15 Tex.Jur.2d, Courts, Sec. 23, p. 443; Carter, "The Texas Court of Criminal Appeals," 11 Tex.L.Rev. 1, 13.

■ One seeking to invoke the jurisdiction of this Court must point to some constitutional or statutory provisions conferring such right and bring himself within the procedure prescribed. See Ex parte Minor, 115 Tex.Cr.R. 634, 27 S.W.2d 805. This the relator has not done.[3]

1. A transcription of such proceedings is not in the record before us.

2. It is interesting to note what the Supreme Court said in Pope v. Ferguson, Tex., 445 S.W.2d 950: "The only Article of the Code (of Criminal Procedure) authorizing dismissal, after indictment, is Article 32.02 which authorizes the attorney representing the State to dismiss with consent of the judge. Further, the judge *does not have power* to dismiss a criminal case before trial except upon motion of the State's attorney. State v. Anderson, 119 Tex. 110, 26 S.W.2d 174, 69 A.L.R. 233 (1930). It follows that, in the absence of a motion to dismiss filed in the trial court by the County Attorney of Limestone County, this court cannot direct Judge Ferguson by writ of mandamus

to enter an order which he has no power to enter. * * * "

3. We further observe that in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed. 2d 469, which involved a former acquittal, the Supreme Court held that since the single rationally conceivable issue in dispute before the jury was whether the defendant had been one of the robbers, the federal rule of collateral estoppel, which is embodied in the Fifth Amendment's guaranty against double jeopardy, made the second state trial wholly impermissible. The majority did say, however: "The question is not whether Missouri could validly charge the petitioner with six separate offenses for the robbery of the six poker players. It is not whether he could have received a total of six pun-

Our jurisdiction not having been invoked, this Court is without authority to issue a writ of mandamus. Apparently relator would have this Court pass upon the trial judge's denial of his plea of former conviction prior to trial, conviction or notice of appeal.

Even where authority exists a mandamus will not lie where the duty is clearly discretionary. It is an extraordinary writ and is not normally available where there are other adequate remedies. It is not a substitute for and cannot be used to perform the office of an appeal. See 37 Tex.Jur.2d, Mandamus, Secs. 12, 13, 14, 18, 19.

Being without authority to entertain such writ under the circumstances presented and to order the dismissal of the second indictment, the application for writ of mandamus must be dismissed.

It is so ordered.

Percy Foreman, Quinnan Hodges, Houston, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

ishments if he had been convicted in a single trial of robbing the six victims. It is simply whether after a jury determined by its verdict that the petitioner was not one of the robbers, the State could constitutionally hale him before a new jury to litigate that issue again." For decisions involving the question of former convictions which construe Ashe v. Swenson narrowly and find it inapplicable, see Pulley v. Norvell (6th Cir.) 431 F.2d 258, 7 Cr.L.R. 1085; United States ex rel. Brown v. Hendrick (3rd Cir.) 431 F.2d 436.

In Duckett v. State, Tex.Cr.App., 454 S.W.2d 755, Ashe v. Swenson was cited merely as an example of the retroactive application of Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (which declared the double jeopardy provisions of the Fifth Amendment binding on the states). Duckett also noted the holding of Ashe as to the incorporation of the doctrine of collateral estoppel into the Constitution. It was not cited as authority for the decision eventually reached in Duckett.