STATE of Texas ex rel. Ronald L. WILSON, Criminal District Attorney, Galveston County, Texas, Relator,

v.

Ed J. HARRIS, District Judge, 10th District Court, Galveston County, Texas, as Acting Judge, 212th District Court, Galveston County, Texas, Respondent.

No. 55315.

Court of Criminal Appeals of Texas.

Sept. 14, 1977.

Ronald L. Wilson, Dist. Atty. and Michael J. Guarino, II, Asst. Dist. Atty., Galveston, for relator.

Andrew Z. Baker, Ted R. Allmond and Richard Thornton, Galveston, for respondent.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an original action seeking issuance of a writ of mandamus directing respondent to set aside an order entered on June 13, 1977, in the *State of Texas v. Donnie Botello,* cause number 32,975 in the 212th District Court of Galveston County.

On February 16, 1976, cause number 32,-975 was called for trial in the 212th District Court, and Botello was convicted of a lesser included misdemeanor on February 19, and was assessed a punishment of one year in jail and a $2,000 fine. On February 26 sentence was pronounced and notice of appeal was given. The judgment was affirmed by this Court in a per curiam opinion on March 23, 1977, and mandate issued on April 8. The district court received our mandate on April 13, capias issued on April 14, and was executed April 25. Thereafter on June 13, 1977, respondent issued an order [1] reciting:

"The sentence herein having been affirmed by the Court of Criminal Appeals and the defendant having been remanded to the custody of the Sheriff of Galveston County, to begin serving his sentence, and,

It appearing to the court that the ends of justice would be best served by permitting the defendant to serve said sentence during his off-work hours; it is therefore

ORDERED, ADJUDGED and DECREED that the defendant, DONNIE BOTELLO be sentenced to one (1) year in the Galveston County Jail and pay a fine of TWO THOUSAND ($2,000) DOLLARS, and all costs herein, provided that said defendant shall be released by the Sheriff of Galveston County each day during the hours of 4:00 P.M. to 12:00 Midnight, during each day of said sentence, for purposes of working at the Knights of Columbus Hall, at 1912 Winnie Street, Galveston, Texas."

Relator seeks a writ of mandamus to compel respondent to set aside the June 13 order as an act beyond the power of respondent and in violation of this Court's exercise of its jurisdiction through issuance of its mandate of affirmance on April 8, 1977.

Respondent contends (1) this Court lacks jurisdiction under Art. 5, Sec. 5, Texas Constitution, because the order does not violate our mandate and does not interfere with this Court's exercise of its jurisdiction, (2) that a writ of prohibition rather than writ of mandamus should have been sought, and

1. Another order to similar effect was entered June 7, but was subsequently superseded by the June 13 order.

(3) on the merits, respondent has not violated the mandate of this Court.

The first and third contentions of respondent turn on a single issue: is the June 13 order a violation of this Court's mandate. If yes, this Court has the extraordinary writ power to compel compliance with our mandate. Article 5, Sec. 5, Texas Constitution, provides in part:

"The Court of Criminal Appeals and the Judges thereof shall have the power to issue the writ of habeas corpus, and under such regulations as may be prescribed by law, issue such writs as may be necessary to enforce its own jurisdiction."

Violation of this Court's mandate is such interference with this Court's jurisdiction as to authorize issuance of extraordinary writs under this Court's constitutional powers. While the Legislature may regulate the exercise of that writ power in form and procedure, it may neither abolish nor restrict the substantive scope of those powers, nor is regulatory legislative action required before this Court may exercise those powers. Therefore, if the June 13 order is in violation of this Court's mandate, our writ power will be exercised to enforce our jurisdiction. *State ex rel. Vance v. Hatten,* Tex.Cr.App., 508 S.W.2d 625; *State ex rel. Vance v. Clawson,* Tex.Cr.App., 465 S.W.2d 164; *State v. Klein,* 154 Tex.Cr.R. 31, 224 S.W.2d 250.

We are also of the opinion that mandamus rather than prohibition is the proper relief to seek to set aside an improper order. The reasons are well explained in *State ex rel. Vance v. Clawson,* supra, at 168–169.

We turn now to the merits. Sentence was pronounced February 26, 1976, and states in part:

"It is the order of this Court that the defendant, Donnie Botello, who has been adjudged to be guilty of the offense of misdemeanor possession of gambling paraphernalia be and he is hereby sentenced to pay a fine of Two Thousand Dollars ($2,000.00) and sentenced to confinement in the County Jail for a period of one (1) year and all costs of this proceeding for which execution may issue."

This Court's mandate commanded the trial court "to observe the order of our said Court of Criminal Appeals in his behalf and in all things to have it duly recognized, obeyed and executed." Over a month after execution of the mandate by Botello's arrest and incarceration in the county jail, respondent entered the order now under attack.

Respondent contends the challenged order was proper under Art. 42.03, Sec. 5, V.A.C.C.P. That provision states:

"Where jail time has been awarded, the *trial judge may,* when in his discretion the ends of justice would best be served, *sentence* the defendant to serve his sentence during his off-work hours, or on weekends. When *such a sentence* is permitted by the trial judge it must be served on consecutive days or consecutive weekends. The trial judge may require bail of the defendant to insure the faithful performance of the sentence. The trial judge may attach conditions regarding the employment, travel, and other conduct of the defendant during the performance of such a sentence." (Emphasis added.)

From the language quoted, and particularly the part emphasized, we conclude this provision may be invoked only at the time of sentencing. Under the facts of this case and in compliance with Art. 42.04, V.A.C.C.P., sentence was pronounced and was required to be pronounced before the appeal. After the appeal the trial court was only authorized to order execution of the sentence previously pronounced, and to perform such other ministerial duties as required by law. The discretion afforded by Art. 42.03, Sec. 5, supra, could have been exercised at the time of sentencing, but not after the mandate of this Court issued. Respondent was without authority to enter the June 13, 1977 order.

We conclude as we did in *State ex rel. Vance v. Clawson,* supra:

"We conclude that the issuance of a writ of mandamus is necessary in order to protect this court's jurisdiction and to

insure that the mandate of this court not be thwarted and the relator has no other adequate remedy.

" . . .

"We assume that the respondent will immediately perform his duty as herein set out. Writ of mandamus will issue only if he refuses to do so.

"No motion for rehearing will be entertained."

It is so ordered.

ONION, Presiding Judge, dissenting.

The relator, the Criminal District Attorney of Galveston County, seeks a writ of mandamus from this court issued to respondent, a district judge, to set aside an order entered on June 13, 1977 in Cause No. 32,-975 in the 212th District Court affecting the sentence imposed against Donnie Botello in said cause number.[1] The order involved permitted Botello to serve his sentence during "off-work hours" and was apparently entered in reliance upon Article 42.03, § 5, Vernon's Ann.C.C.P.[2]

The question presented by this action is whether a trial judge may, after the affirmance of a case on appeal and the issuance of this court's mandate, enter an order providing for the defendant to serve his sentence in the county jail during his "off-work hours" as provided in Article 42.-03, § 5, supra.

The record shows that on February 16, 1976 Botello was convicted of the misdemeanor offense of possession of gambling paraphernalia, a lesser included offense of

the original charge of gambling promotion, and the jury assessed punishment at confinement in the Galveston County jail for one year and at a fine of $2,000.00. Sentence was pronounced by the Honorable Donald Markle, Acting Judge of the 212th District Court,[3] on February 26, 1976 and it provides in part:

"It is the order of this Court that defendant, Donnie Botello, who has been adjudged to be guilty of the offense of misdemeanor possession of gambling paraphernalia be and he is hereby sentenced to pay a fine of Two Thousand Dollars ($2,000.00) and sentenced to confinement in the County jail for a period of one (1) year and all costs of this proceeding for which execution may issue."

There was no provision in the original sentence providing for serving the sentence during "off-work hours."

Notice of appeal was given and on March 23, 1977 this court affirmed the conviction in an unpublished per curiam opinion in Cause No. 54,560. The mandate of this court issued on April 8, 1977. The mandate was received by the trial court on April 13, 1977. Capias issued the following day and was executed on April 25, 1977.

On June 7, 1977 the respondent, acting as Judge of the 212th District Court, entered an order allowing Botello to serve his jail time during "off-work hours" and providing for his release each day from 4 p. m. until 8 a. m. the next day for the purpose of working at the Knights of Columbus Hall in Galveston.

1. The order was entered by respondent as the acting Judge of the 212th Judicial District Court.

As to the right of district judges in the same county to transfer cases, civil or criminal, to other district courts in the county and to exchange benches from time to time or hold court for such judges, see Article 199a, § 2.001, Vernon's Ann.C.S.

2. Article 42.03, § 5, supra, provides:

"Where jail time has been awarded, the trial judge may, when in his discretion the ends of justice would best be served, sentence the defendant to serve his sentence during his off-work hours, or on week-ends. When such a sentence is permitted by the

trial judge it must be served on consecutive days or consecutive week-ends. The trial judge may require bail of the defendant to insure the faithful performance of the sentence. The trial judge may attach conditions regarding the employment, travel, and other conduct of the defendant during the performance of such a sentence".

3. Judge Markle was Judge of the 10th Judicial District Court of Galveston County at the time of sentencing. He was acting as Judge of the 212th District Court at the time. See footnote # 1. Judicial notice may be taken that the respondent Harris has succeeded Judge Markle as Judge of the 10th Judicial District Court.

On June 13, 1977, the respondent entered an order which in effect amended the order of June 7, 1977 as to the hours of release. It is this order that is the subject of this mandamus action. Such order reads in part:

"The sentence herein having been affirmed by the Court of Criminal Appeals and the defendant having been remanded to the custody of the Sheriff of Galveston County, to begin serving his sentence and,

"It appearing to the court that the ends of justice would be best served by permitting the defendant to serve said sentence during his off work hours; it is therefore

"Ordered, Adjudged and Decreed that the defendant, Donnie Botello, be sentenced to one (1) year in the Galveston County Jail and pay a fine of Two Thousand ($2,000) Dollars, and all costs herein, provided that said defendant shall be released by the Sheriff of Galveston County each day during the hours of 4:00 P.M. to 12:00 Midnight, during each day of said sentence, for the purpose of working at the Knights of Columbus Hall, at 1912 Winnie Street, Galveston, Texas."

Relator seeks a writ of mandamus contending that the respondent acted without authority in entering the order of June 13, 1977, which was violative of the mandate of this court; that after the issuance of the mandate the respondent's only duty was to carry out that mandate without change or alteration.

Respondent, on the other hand, contends authority to enter the June 13th order is provided by Article 42.03, § 5, supra (see footnote # 1). Respondent proposes three questions,[4] and submits argument in which he suggests that an application for writ of mandamus is not the appropriate remedy, but that a writ of prohibition is; that even if a writ of mandamus is the appropriate

remedy, the Court of Criminal Appeals has no jurisdiction in the matter, and if the court has jurisdiction, the respondent did not alter the mandate of the Court of Criminal Appeals.

There can be no question that this court may issue a writ of prohibition in those cases in which it is necessary to enforce its jurisdiction. *State ex rel. Vance v. Clawson,* 465 S.W.2d 164 (Tex.Cr.App.1971), cert. den., *Pruett v. Texas,* 404 U.S. 910, 92 S.Ct. 226, 30 L.Ed.2d 182 (1971), and cases and authorities there cited; *State ex rel. Smith v. Blackwell,* 500 S.W.2d 97 (Tex.Cr.App. 1973).

Is the issuance of such writ the appropriate remedy in the instant case as suggested by respondent? It has been said that "a 'writ of prohibition' is that process by which a superior court prevents inferior courts, tribunals, officers, or persons from usurping or exercising jurisdiction with which they have not been vested. . . ." 73 C.J.S. Prohibition § 1, p. 9.

It has also been noted that:

"Prohibition issues to prevent the commission of a future act and not to undo, nullify, or review an act already performed; it will not be granted when the act sought to be prevented is already done, but will lie when such act is not a full, complete, and accomplished judicial act." 73 C.J.S. Probation § 10c, p. 30.

Since the order of June 13, 1977 has already been entered and Botello's sentence is being served in accordance therewith, prohibition is not the proper remedy. *State ex rel. Vance v. Clawson,* supra.

The next question is whether this court has jurisdiction of the matter before us.

Article V, § 5 of our State Constitution provides in part:

"*Question Number 3 Presented:* Did Respondent change, in any respect, the original sentence or mandate of the Court of Criminal Appeals of Texas?"

---

4. The questions proposed are:

"*Question Number 1 Presented:* Does the Court of Criminal Appeals have jurisdiction in this matter?

"*Question Number 2 Presented:* Is the remedy sought, to wit: that of Mandamus, an appropriate remedy?

"The Court of Criminal Appeals shall have appellate jurisdiction coextensive with the limits of the State in all criminal cases of whatever grade, with such exceptions and under such regulations as may be prescribed by law.

"The Court of Criminal Appeals and the Judges thereof shall have the power to issue the writ of habeas corpus, and under such regulations as may be prescribed by law, issue such writs as may be necessary to enforce its own jurisdiction. . . ."

Article 4.03, Vernon's Ann.C.C.P., also provides that this court shall have appellate jurisdiction coextensive with the limits of the State in all criminal cases, and Article 4.04, Vernon's Ann.C.C.P., provides that the "court and each member thereof shall have, and is hereby given, power and authority to grant and issue and cause the issuance of writs of mandamus and certiorari agreeable to the principles of law regarding said writs, whenever in the judgment of said court or any member thereof the same should be necessary to enforce the jurisdiction of said court."

Thus, this court may issue writs of mandamus to enforce the court's appellate jurisdiction or its original jurisdiction to issue writs of habeas corpus, but this is a limited use of such writ for the court has no general power to issue writs of mandamus. *Eaves v. Landis,* 96 Tex.Cr.R. 555, 258 S.W. 1056 (1924); *Millikin v. Jeffrey,* 117 Tex. 134, 299 S.W. 393 (1927); *Ex parte Boehme,* 158 Tex.Cr.R. 597, 259 S.W.2d 201, 203 (1953); *Ex parte Rubison,* 340 S.W.2d 815 (Tex.Cr.App.1960); *Bradley v. Miller,* 458 S.W.2d 673 (Tex.Cr.App.1970); *Ex parte Giles,* 502 S.W.2d 774 (Tex.Cr.App.1973); *State ex rel. Vance v. Hatten,* 508 S.W.2d 625 (Tex.Cr.App.1974).

Respondent's attorneys argue that since this court has disposed of the *Botello* appeal it no longer has jurisdiction of the matter. This is not true.

"The Court of Criminal Appeals is the court of last resort in this state in criminal matters. This being so, no other court of this state has authority to over-

rule or circumvent its decisions, or disobey its mandates." *State ex rel. Wilson v. Briggs,* 171 Tex.Cr.R. 479, 351 S.W.2d 892, 894 (1961). See also *State ex rel. Vance v. Clawson,* supra; *State ex rel. Vance v. Hatten,* supra.

In *State v. Klein,* 154 Tex.Cr.R. 31, 224 S.W.2d 250 (1949), after the conviction had been affirmed by this court and the mandate issued the district judge suspended the execution of the sentence and placed the defendant on probation. This we held that the district judge could not do for after the issuance of the mandate the district court acquired jurisdiction only to see that the judgment of the Court of Criminal Appeals was carried out. A like situation was presented in *State ex rel. Vance v. Hatten,* supra.

Thus, it is clear that this court may issue a writ of mandamus in order to protect the jurisdiction and to insure that the mandate of this court not be thwarted.

Respondent insists that the order of June 13th drafted under Article 42.03, § 5, supra, does not violate the jurisdiction of the Court of Criminal Appeals and does not thwart its mandate issued in the *Botello* case. Respondent argues that unlike *Klein* or *Hatten* he has not suspended the execution of the sentence or set the sentence aside and granted probation after the issuance of the mandate of affirmance, nor unlike *Clawson* he has not granted time credit under an inapplicable statute. He notes that the sentence remains the same, the length of the sentence and the place of confinement remain unaltered. He urges that in the interest of justice the only change made was to provide for service of the sentence during the off-work hours and that in doing so he was only exercising discretion given him as a judge by the Legislature.

The majority has concluded that a trial court may exercise its discretion under Article 42.03, § 5, supra, only at the time of sentencing and not thereafter, and that when a judgment and sentence in which the court did not exercise its discretion under the statute has been affirmed and the ap-

pellate court's mandate issued, the trial judge is without authority to act under Article 42.03, § 5, supra.

At first blush and without thoughtful consideration, the majority's position seems logical. The case would appear to be shades of the *Klein* and *Hatten* cases. It is observed that provisions for allowing a defendant to serve jail time during "off-work hours, or on week-ends" first found its way into Article 42.03 as it was originally enacted as part of the 1965 Code of Criminal Procedure (Acts 1965, 59th Leg., Vol. 2, p. 317, ch. 722). It has remained a part of Article 42.03, supra, during two amendments thereof (Acts 1967, 60th Leg., p. 1743, ch. 659, § 28, and Acts 1973, 63rd Leg., p. 205, ch. 91, § 1).

This provision is obviously based on legislative desire to increase the options available to the trial judge when jail time is involved. The use of the provision may permit the defendant to support his dependents who would otherwise be public charges, to earn money to pay his fine and serve as a tool of rehabilitation, etc. Many factors that might cause a trial judge to exercise his discretion in permitting jail time "on off-work hours or on week-ends" might not come into play at the time of sentence but appear later. Under the majority's interpretation of Article 42.03, § 5, supra, the trial judge who had not exercised his discretion at the time of sentencing could not exercise it later regardless of what factors developed in the individual case. Further, under the majority's interpretations a judge who permitted jail time to be served during off-work hours which are specified in the sentence could not change the provisions of the sentence even if the defendant is called to a different shift at different hours, or his employer goes out of business and new employment is obtained but different work hours are required. The majority's version removes the necessary flexibility from the law which the Legislature intended.

It is clear that I do not agree with the majority's reading of § 5 of Article 42.03, supra. I would zealously guard the juris-diction of the Court of Criminal Appeals, but I do not view the order of June 13th drafted in accordance with Article 42.03, supra, as circumventing the decision of this court or thwarting the mandate of this court. The place of confinement remains the same, the length of sentence remains unchanged, the amount of fine unaltered. The only change is that during certain hours Botello may be released from jail for purposes of employment. In my opinion the respondent was authorized to order such change by Article 42.03, supra. Surely this doesn't threaten the jurisdiction of the Court of Criminal Appeals.

There are other statutes which authorize action by the trial court or others after the mandate of this court has been issued that may affect in some way the punishment assessed and upheld by this court.

It is interesting to note that Article 42.03, supra, as originally enacted in 1965, provided in part:

". . . and provided further, that in all cases where the defendant has been tried for any violation of the laws of the State of Texas, and has been convicted and has appealed from said judgment and sentence of conviction, and where said cause has been affirmed by the Court of Criminal Appeals, and after receipt of the mandate by the clerk of the trial court, the judge is authorized to again call said defendant before him; and if pending appeal, the defendant has not made bond and has remained in jail pending the time of such appeal, said trial judge may then in his discretion resentence the defendant, and may subtract from the original sentence pronounced upon the defendant, the length of time the defendant has lain in jail pending such appeal, noting any credit allowed upon the mandate which credit shall be allowed by the Texas Department of Corrections in all computations affecting the eligibility of defendant for parole or discharge. . . ."

This was also a provision of Article 768, Vernon's Ann.C.C.P., 1925. This writer knows of no decision which has held that this authority granted by the Legislature to

"resentence" the defendant after the mandate of the Court of Criminal Appeals had affirmed the conviction circumvents the decision of this court or its mandate.

The current method for granting credit for time spent in jail pending appeal is provided by § 3 of Article 42.03. It provides in part:

".  .  . The court shall endorse on both the commitment and the mandate from the appellate court all credit given the defendant under this section, and the Department of Corrections shall grant the credit in computing the defendant's eligibility for parole and discharge."

This provision calls for the court to perform a ministerial act without discretion being involved, but it does have an effect upon the punishment assessed which has been affirmed by this court, but I know of no case where anyone has urged that such action circumvents a decision of the Court of Criminal Appeals.

Further, it is a matter of common knowledge that after convictions have been affirmed by this court and mandates issue paroles are granted. See Article 42.12, Vernon's Ann.C.C.P. Here again, I have found no decision which holds that such action circumvents a decision of the Court of Criminal Appeals.

Further attention is called to a recent enactment of the Legislature. A new § 3e has been added to Article 42.12, Vernon's Ann.C.C.P. (Acts 1977, 65th Leg., Reg.Sess., Ch. 306, p. 821, effective August 29, 1977). Subsection (a) of the new § 3e reads:

"(a) For the purposes of this section, the jurisdiction of the courts of this state in which a sentence requiring confinement in the Texas Department of Corrections is imposed for conviction of a felony shall continue for 120 days from the date the execution of the sentence actually begins. After the expiration of 60 days but prior to the expiration of 120 days from the date the execution of the sentence actually begins, the judge of the court that imposed such sentence may, on his own motion or on written motion of the defendant, suspend further execution of the sentence imposed and place the defendant on probation under the terms and conditions of this article, if such sentence (sic) is otherwise eligible for probation under this article and prior to the execution of such sentence, the defendant had never been incarcerated in a penitentiary serving a sentence for a felony and in the opinion of the judge the defendant would not benefit from further incarceration in a penitentiary. Probation may be granted under this section only if the offense for which the defendant was sentenced was an offense other than criminal homicide, rape, or robbery."[5]

This amendment for the first time provides Texas with a provision for "shock probation" under certain circumstances, clearly another option for the trial judge in the struggle for the rehabilitation of criminal defendants. This statute and others are indicative of the legislative intent to provide trial judges with certain options despite the fact that the conviction has been appealed and affirmed and the mandate of this court issued.

The order of June 13th in the instant case was entered under similar legislative authority granted by Article 42.03, supra, and it does not circumvent the decision of this court. I dissent to the restrictive interpretation given to such statute by the majority.

PHILLIPS, Judge, dissenting.

I cannot agree that the authority given a trial judge by Art. 42.03, Sec. 5, V.A.C.C.P., vests only in the judge who pronounces sentence. The statute provides:

"Where jail time has been awarded, the trial judge may, *when in his discretion the ends of justice would best be served,* sentence the defendant to serve his sentence during his off-work hours, or on

---

**5.** As to when the execution of a sentence actually begins, Article 42.09, Vernon's Ann.C.C.P., is instructive.

week-ends. When such a sentence is permitted by the trial judge it must be served on consecutive days or consecutive week-ends. The trial judge may require bail of the defendant to insure the faithful performance of the sentence. *The trial judge may attach conditions regarding the employment, travel, and other conduct of the defendant during the performance of such a sentence.*" (Emphasis added.)

Is justice not to be served during the performance of a sentence? The majority's interpretation of Art. 42.03, Sec. 5, is not mandated by the language of the statute and is not consistent with the intent and purposes of this provision. It is reasonable to assume that the conditions affecting release of a jail prisoner for work purposes might change while a defendant is serving his sentence. Yet the majority's holding prohibits the trial court from altering or modifying the work release order to accommodate any changes. Thus a defendant who loses a job while serving out his sentence could continue to leave the county jail during the work hours specified in the sentence and the trial court would be without authority to alter the order. Also, any "conditions regarding the employment, travel and other conduct of the defendant" which a trial judge may have attached to the sentence could not be modified after pronouncement of sentence. Nor could a trial judge impose additional conditions regarding a defendant's conduct since "this provision may be invoked only at the time of sentencing". The majority's position is unreasonable and contrary to the plain intent of Art. 42.03, Sec. 5, to vest a trial court with broad discretion concerning work releases of jail prisoners.

The majority further concludes that the June 13 order thwarted the mandate of this Court and that a writ of mandamus is necessary to protect our jurisdiction; however, the majority does not explain in what way our mandate has been thwarted or our jurisdiction threatened.

The majority fails to address the respondent's contention that the June 13 order did not affect the finality of the mandate of this Court because the order did not reduce the sentence imposed and did not alter the length of the sentence. Botello is still serving one year in jail and must still pay a $2,000.00 fine. The order which relator challenges describes the quality of Botello's confinement but does not alter the length of confinement. Thus the sentence entered of record in cause number 32975 in the 212th District Court of Galveston County is being carried out, and the respondent performed a ministerial act in entering the June 13 order.

"[T]his Court may issue writs of mandamus to enforce the court's appellate jurisdiction or its original jurisdiction to issue writs of habeas corpus, but this is a limited use of such writ, for the Court of Criminal Appeals has no general power to issue writs of mandamus." *Ex parte Giles*, 502 S.W.2d 774, 778.

I do not agree that respondent has interfered with our appellate jurisdiction and that the issuance of a writ of mandamus is necessary.