**DENY; and Opinion Filed May 15, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00572-CV

### IN RE STATE OF TEXAS, Relator

**Original Proceeding from the County Court at Law No. 2**
**Collin County, Texas**
**Trial Court Cause No. 002-82534-2013**

## MEMORANDUM OPINION
Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Lang-Miers

This petition for writ of mandamus arises from a March 12, 2014 order of the trial court holding the comprehensive zoning ordinance of Melissa, Texas unconstitutionally vague. The trial court's ruling arose following a consolidated hearing related to fifty-five citations issued against the operator of a convenience store in Melissa, Texas, most of which were for providing check cashing and money transmission services at the store, but which also included citations for construction without a permit and failure to appear. The citations were originally tried in municipal court and resulted in fines totaling $92,240.00. The operator of the convenience store appealed to county court and, in the course of the proceedings, the county court found the city's comprehensive zoning ordinance unconstitutionally vague. The county court has not yet dismissed the charges against the convenience store operator.

In a criminal case, an applicant for mandamus relief must establish that the applicant has no adequate remedy at law to redress the harm the applicant has suffered, and must show that the

act the applicant seeks to compel or prohibit does not involve a discretionary or judicial decision. *Simon v. Levario*, 306 S.W.3d 318, 320 (Tex. Crim. App. 2009). A writ of mandamus is a drastic remedy to be invoked only in extraordinary situations. *State ex rel. Healey v. McMeans*, 884 S.W.2d 772, 774 (Tex. Crim. App. 1994); *Perkins v. Third Court of Appeals*, 738 S.W.2d 276, 284 (Tex. Crim. App. 1987). Mandamus "is not a substitute for and cannot be used to perform the office of an appeal." *McMeans*, 884 S.W.2d at 774; *Bradley v. Miller*, 458 S.W.2d 673, 675 (Tex. Crim. App. 1970).

The State is entitled to "appeal an order of a court in a criminal case if the order: (1) dismisses an indictment, information, or complaint or any portion of an indictment, information or complaint." Tex. Code Crim. Proc. Ann. art. 44.01(a) (West 2013). Here, the State will have a right to appeal the county court's decision holding the comprehensive zoning ordinance unconstitutionally vague when the county court completes the disposition of the charges against real party in interest in accordance with its ruling on the constitutionality of the ordinance. Accordingly, the State will have an adequate remedy via appeal upon the disposition of the charges and mandamus is not appropriate. Accordingly, we **DENY** the petition for writ of mandamus.

.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE

140572F.P05