8,867-26

## CAUSE No. DIDC142205400

CHARLIE C. WHITE                  In THE
RELATOR                           Court
            v.                    of
Judge Brown          Criminal Appeals
RESPONDENT           Austin Texas


        Petition For Writ
          of Mandamus


To THE Hon. Judges;

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 26 201-

Abel Acosta, Clerk

Comes now Charlie C. White Relator and move this court to issue writ of mandamus to compel respondent Judge Brown of the 147th District Court of Travis County, Texas to set a trial date because he is being denied A speedy trial as provided by the constitutional See Thomas v. Stevenson, opinion attached.

In support Relator would show the following;

## Jurisdiction

This court has the jurisdiction to issue such writs of mandamus to compel speedy trial. see Article 5 Section 5 Texas Constitution. see Thomas v. Steveson attached.

(3)

## Facts

1. Relator is an inmate at Travis County Corr. Center at Del Valle, Tx.

2. On Sept. 12, 2014 Relator was arrested and booked in Travis County Jail for possession of cocaine less than 1 gram.

3. On Oct. 20, 2014 Relator was indicted for the alleged offense.

(4)

4. Relator has been in continuous custody from date of his arrest on Sept. 12, 2014.

5. Relator has filed several request for a speedy trial but has not heard nothing from his requests from the trial court.

(5)

5. Relator's challenge is directly to the power of the state to try him after the lapse of almost six (6) months during he repeatedly demanded and has been denied a trial.

6. Here, however no valid reason for the delay existed, it is for the convenience of the state. See Tex. C.C.P. Art. 32A.01.

7. Relator has in fact been deprived of his constitutional right to a speedy trial. U.S. Const. Amend 6 and Tex. Const. Art. 1 Sec. 10. Also Article 1.05 V.A.C.C.P.

THEREFORE, Relator ask that this court issue the writ of mandamus and direct the 149th District Court of Travis County Texas to dismiss any proceeding arising out of the charge on which that a judgment can be based. See Tex. C.C.P. Art. 32A.01 and 28.061.

Respectfully submitted,

*Charlie C. White*

CHARLIE C. WHITE

Booking # 14-37192

TRAVIS Co. Corr Center

3614 Bill Price Rd

Del Valle, Tx 78617

Done on the 20 day of
Feb. 2015 at Del Valle,
Texas

*Charlie C. White*

CHARLIE C. WHITE

(12)

| Search | Get a Document | *Shepard's®* | More | History | Alerts |

FOCUS™ Terms [          ]  Advanced... **Get a Document**  View Tutorial

Service: **Get by LEXSEE®**
Citation: **561 s.w. 2d 845**

*561 S.W.2d 845, \*; 1978 Tex. Crim. App. LEXIS 1048, \*\**

Joe Earl Thomas, Jr., Petitioner v. Clarence Stevenson, Presiding Judge, 24th District Court, Victoria County, Texas, Respondent

No. 57615

COURT OF CRIMINAL APPEALS OF TEXAS

561 S.W.2d 845; 1978 Tex. Crim. App. LEXIS 1048

February 22, 1978

**PRIOR HISTORY:** [\*\*1] Original Application for Writ of Mandamus.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Petitioner inmate sought a writ of mandamus to compel respondent judge to set a date for trial on charges pending against petitioner for two offenses of burglary of a habitation because petitioner argued that he was being denied a speedy trial as provided for in U.S. Const. amend. VI and Tex. Const. art. 1, § 10.

**OVERVIEW:** Petitioner inmate was serving a life sentence in the Texas Department of Corrections for the offense of attempted murder when he was indicted for two offenses of burglary of a habitation. Petitioner sought a writ of mandamus to compel respondent judge to set a date for trial on the charges pending against him, arguing that he was being denied his right to a speedy trial under U.S. Const. amend. VI and Tex. Const. art. 1, § 10. The court held that Tex. Const. art. 5, § 5, gave the court authority to issue extraordinary writs, including the power to issue writs of mandamus to compel a speedy trial in a criminal case. The court held that petitioner stated sufficient facts to raise a prima facie claim that he was being denied a speedy trial. The court instructed respondent to set for trial the pending charges against petitioner inmate at the earliest date possible consistent with the orderly performance of respondent's other duties, but not later than 60 days from the date that the court's judgment became final. The court assumed that respondent would act in accordance with the court's instructions and held that a writ of mandamus would issue only if respondent did not comply.

**OUTCOME:** The court instructed respondent judge to set for trial the pending charges against petitioner inmate at the earliest date possible consistent with the orderly performance of respondent's other duties, but not later than 60 days from the date that the court's judgment became final. The court assumed that respondent would act in accordance with the court's instructions and held that a writ of mandamus would issue only if respondent did not comply.

**CORE TERMS:** writs of mandamus, speedy trials, writ of habeas corpus, criminal case, joint resolution, power to issue, mandamus, authority to issue, criminal matters, prescribed, jurisdiction to issue, constitutional provision, necessary to protect, procedendo, indictment, supplied, recent amendment, pending charges, original jurisdiction, detainers, necessary to enforce, own jurisdiction, extraordinary writs, results reached, legislative history, last resort, drafted, voters

## LEXISNEXIS® HEADNOTES                                        ⊟ **Hide**

Civil Procedure > Remedies > Writs > Common Law Writs > Mandamus 🔳

Constitutional Law > Bill of Rights > Fundamental Rights > Criminal Process > Speedy Trial 🔳

Criminal Law & Procedure > Preliminary Proceedings > Detainer > Timing 🔳

*HN1*🔳Under U.S. Const. amend. VI, a defendant in a criminal case is entitled to a speedy trial. Defendants incarcerated in other penal institutions, outside of the demanding prosecution forum, have a right to compel the disposition of pending charges where detainers are lodged against them. Tex. Code Crim. Proc. Ann. art. 1.05; Tex. Const. art. 1, § 10.  More Like This Headnote | *Shepardize:* Restrict By Headnote

Criminal Law & Procedure > Appeals > Appellate Jurisdiction > Extraordinary Writs 🔳

Criminal Law & Procedure > Habeas Corpus > Procedure > General Overview 🔳

*HN2*🔳See Tex. Const. art. 5, § 5. *Shepardize:* Restrict By Headnote

Civil Procedure > Remedies > Writs > Common Law Writs > Mandamus 🔳

Constitutional Law > Bill of Rights > Fundamental Rights > Criminal Process > Speedy Trial 🔳

Criminal Law & Procedure > Appeals > Appellate Jurisdiction > Extraordinary Writs 🔳

*HN3*🔳The additional provisions in Tex. Const. art. 5, § 5 give the Court of Criminal Appeals of Texas authority to issue extraordinary writs including the power to issue writs of mandamus to compel a speedy trial in a criminal case.  More Like This Headnote | *Shepardize:* Restrict By Headnote

**JUDGES:** En banc.

**OPINION BY:** DOUGLAS

**OPINION**

[*845] OPINION

The question presented is, does the Texas Court of Criminal Appeals have jurisdiction [*846] to issue writs of mandamus to compel speedy trials under the recent amendment to Article 5, Section 5 of the Texas Constitution?

The petitioner is an inmate in the Texas Department of Corrections serving a life sentence for

the offense of attempted murder from Victoria County. On April 29, 1977, he was indicted in Victoria County for two offenses of burglary of a habitation in Cause Nos. 9025 and 9026. He alleges that detainers based upon these indictments were filed against him with the Texas Department of Corrections and that he has filed several requests with the trial court to obtain a speedy trial on these pending charges, but has received no response to his requests. He filed a petition for a writ of mandamus with the Texas Supreme Court, which transferred the case to this Court so that we might determine if we have jurisdiction to issue writs of mandamus to compel speedy trials concurrent with that of the Texas Supreme Court. See Article 1733 and 1734, V.A.C.S. *HN1*

[**2] Under the Sixth Amendment to the United States Constitution, a defendant in a criminal case is entitled to a speedy trial. Defendants incarcerated in other penal institutions, outside of the demanding prosecution forum, have a right to compel the disposition of pending charges where detainers are lodged against them. See Klopfer v. North Carolina, 386 U.S. 213, 87 S. Ct. 988, 18 L. Ed. 2d 1 (1967); Smith v. Hooey, 393 U.S. 374, 89 S. Ct. 575, 21 L. Ed. 2d 607 (1969); Dickey v. Florida, 398 U.S. 30, 90 S. Ct. 1564, 26 L. Ed. 2d 26 (1970); Moore v. Arizona, 414 U.S. 25, 94 S. Ct. 188, 38 L. Ed. 2d 183 (1973); Barker v. Wingo, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972); Braden v. Kentucky, 410 U.S. 484, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973). See also Article 1.05, V.A.C.C.P.; Article 1, Section 10, Texas Constitution.

Prior to the recent amendment of Article 5, Section 5, supra, the Supreme Court of Texas exclusively issued writs of mandamus to compel speedy trials. See Articles 1733 and 1734, supra; Fariss v. Tipps, 463 S.W.2d 176 (Tex.1971); Pope v. Ferguson, 445 S.W.2d 950 (Tex.1969), cert. denied 397 U.S. 997, 90 S. Ct. 1138, 25 L. Ed. 2d 405 (1970); Ex parte [**3] Turman, 26 Tex. 708 (1863); Wilson v. Bowman, 381 S.W.2d 320 (Tex.1964).

The jurisdiction of the Texas Court of Criminal Appeals to issue such writs of mandamus has been previously limited by the provisions of Article 5, Section 5, supra, which provided that this Court and the judges thereof "shall have the power to issue the writ of habeas corpus, and under such regulations as may be prescribed by law, issue writs of mandamus as may be necessary to enforce its own jurisdiction."

Under this constitutional provision, the Court could only issue writs of mandamus to enforce its appellate jurisdiction but not the power to issue writs of mandamus generally. See Millikin v. Jeffrey, 117 Tex. 134, 299 S.W. 393 (1927); Ex parte Boehme, 158 Tex.Cr.R. 597, 259 S.W.2d 201 (1953); Ex parte Rubison, 170 Tex.Cr. 314, 340 S.W.2d 815 (1960); Eaves v. Landis, 96 Tex.Cr.R. 555, 258 S.W. 1056 (1924); Bradley v. Miller, 458 S.W.2d 673 (Tex.Cr.App.1970); State ex rel. Smith v. Blackwell, 500 S.W.2d 97 (Tex.Cr.App.1973); Ex parte Giles, 502 S.W.2d 774 (Tex.Cr.App.1974); Ex parte Norvell, 528 S.W.2d 129 (Tex.Cr.App.1976); Bretz v. State, 508 S.W.2d 97 (Tex.Cr.App.1974); Walker v. State, 537 [**4] S.W.2d 36 (Tex.Cr.App.1976).

However, the 65th Texas Legislature adopted Senate Joint Resolution No. 18, Acts 1977, p. 3359, which proposed to amend Article 5, Section 5. This amendment was approved by the voters of Texas and became effective January 1, 1978. It is as follows:

> *HN2* Subject to such regulations as may be prescribed by law, regarding criminal matters, the Court of Criminal Appeals and the Judges thereof shall have the power to issue the writs of habeas corpus, mandamus, procedendo, prohibition, certiorari, and other such writs as may be necessary to protect its jurisdiction or enforce its judgments." (Emphasis supplied).

[*847] The amendment when proposed was to provide the Texas Court of Criminal Appeals with additional power to grant extraordinary writs in cases regarding criminal matters.

Before the adoption of the amendment this Court had mandamus and prohibition power under the Constitution to enforce its own judgments. This authority was also inherent at common law. See State ex rel. Wilson v. Briggs, 171 Tex.Cr.R. 479, 351 S.W.2d 892 (Tex.Cr.App.1961); State ex rel. Vance v. Hatten, 508 S.W.2d 625 (Tex.Cr.App.1974); Ex parte Norvell, supra; Smith [**5] v. Blackwell, supra.

We therefore conclude that *HN3*the additional provisions in the amendment gave this Court authority to issue extraordinary writs including the power to issue writs of mandamus to compel a speedy trial in a criminal case.

Having determined the jurisdictional issue, it is apparent that petitioner has stated sufficient facts to raise a prima facie claim that he is being denied a speedy trial as provided for in the Constitutions of this State and the United States. It will thus be the duty of the respondent judge to set for trials Cause Nos. 9025 and 9026 at the earliest date possible consistent with the orderly performance of the court's other duties, but not later than sixty days from the date in which this judgment becomes final. See Fariss v. Tipps, supra. Should a motion to dismiss the indictment be filed by the prosecutor and granted by the trial court, this case shall become moot, but absent such a dismissal motion, we assume that the respondent will act in accordance with the instructions set out herein, and the writ of mandamus will issue only in the event of noncompliance with this opinion. [1]

**FOOTNOTES**

[1] In Pope v. Ferguson, supra, the Supreme Court held that it did not have mandamus jurisdiction to compel a dismissal of criminal charges, and we concur at this time with the rationale of Pope.

However, we note that as of July 1, 1978, the provisions of the new Texas Speedy Trial Act go into effect, thus specifically mandating the necessity for speedy trials in criminal cases, otherwise requiring that the indictments be dismissed or quashed. See Articles 32A.01 and 28.061, V.A.C.C.P.

We need not determine in this case whether the authority of Pope v. Ferguson, supra, will remain valid after the effecti e date of this new legislation requiring speedy trials. See and compare Ex parte Trillo, 54  S.W.2d 728 (Tex.Cr.App.1977); Ex parte Dickerson, 549 S.W.2d 202 (Tex.Cr.App.19  ).

[**6] IT IS SO ORDERED.

**CONCUR BY:** ONION

**CONCUR**

ONION ⬤, Presiding Judge, concurring.

I concur in the results reached, but I would go further and point out the legislative history of Senate Joint Resolution No. 18 (Acts 1977, 65th Leg., p. 3359), which proposed an amendment to Article V, § 5 of the State Constitution, and which was adopted on November 8, 1977 by the voters of Texas and became effective January 1, 1978. That legislative history shows that Senate Joint Resolution No. 18 was drafted, among other things, [1] to expressly give the Court of Criminal Appeals the authority to issue writs of mandamus to compel speedy trials in criminal cases in this State. This writer and other members of this court appeared before legislative committees of both the Senate and the House to explain its provisions, and to point out that

under the then existing constitutional provisions the Court of Criminal Appeals, the court of last resort for criminal matters in this State, did not have the authority to issue writs of mandamus to compel speedy trials in criminal cases.

**FOOTNOTES**

1 Senate Joint Resolution No. 18 also proposed increasing the number of judges on the Court of Criminal Appeals from five to nine judges with the authority to sit in panels of three in all cases with the exception of death penalty cases.

[**7]  Article V, § 5 of the State Constitution, as amended 1966, provided in part:

> "The Court of Criminal Appeals shall have appellate jurisdiction co-extensive with the limits of the State in all criminal cases of whatever grade, with such exceptions and under such regulations as may be prescribed by law.
>
> The Court of Criminal Appeals and the Judges thereof shall have the power to [*848] issue the writ of habeas corpus, and render such regulations as may be prescribed by law, issue such writs as may be necessary to enforce its own jurisdiction. . . . " 2 (Emphasis supplied.)

**FOOTNOTES**

2 This same language is found in the 1891 amendment to Article V, § 5 of the State Constitution creating the Court of Criminal Appeals.

Under such constitutional provision and decisional law, this court could only issue the writ of mandamus to protect its appellate jurisdiction or its original jurisdiction to issue the writ of habeas corpus. Thus when a defendant in a criminal case sought a writ of mandamus to compel [**8] a speedy trial, he could not obtain one from the court of last resort in criminal cases because neither this court's appellate jurisdiction nor its original jurisdiction to issue the writ of habeas corpus was in need of protection. Such defendant was required to apply to the Supreme Court of Texas, a court of generally civil jurisdiction, for the needed mandamus since such court, as noted by the majority, had the general authority to issue the writ of mandamus. 3 This was true despite the fact that the Court of Criminal Appeals would be the court to determine later on appeal whether the defendant had been in fact deprived of a speedy trial.

**FOOTNOTES**

3 This same situation existed where the defendant sought a writ of mandamus to compel a speedy trial in a probation revocation hearing. See Fariss v. Tipps, 463 S.W.2d 176 (Tex.Sup.Ct.1971).

It was in part to correct this anomaly that Senate Joint Resolution No. 18 was drafted to give this court original jurisdiction not only to issue writs of habeas corpus but writs [**9] of mandamus, procedendo, prohibition and certiorari. That portion of Senate Joint Resolution No. 18 here involved provides:

> "Subject to such regulations as may prescribed by law, regarding criminal law

matters, the Court of Criminal Appeals and the Judges thereof shall have the power to issue the writs of habeas corpus, mandamus, procedendo, prohibition, certiorari, and such other writs as may be necessary to protect its jurisdiction or enforce its judgments. . . ." (Emphasis supplied.)

In the drafting it was decided to additionally include a catch all clause "and other such writs as may be necessary to protect its jurisdiction or enforce its judgments." Care should be taken to understand that the phrase "as may be necessary to protect its jurisdiction or enforce its judgments" has reference only to "and other such writs" and is not a limitation upon the authority of the court to issue writs of habeas corpus, mandamus, procedendo, prohibition or certiorari. One important limitation, however, is that the court's authority to issue such above described writs is limited to "criminal matters." This limitation was the subject of a committee substitute to said Senate Joint Resolution [**10] by Senator Bill Meier of Euless, sponsor of the joint resolution, early in the legislative process, to counter claims that without such limitation the Court of Criminal Appeals might use its newly granted writ powers in civil law matters. This limitation may have, wittingly or unwittingly, restricted this court's authority to issue writs of habeas corpus. Formerly under the prior constitutional provision the power of the court to issue the writ of habeas corpus was not limited to "criminal matters." [4]

## FOOTNOTES

[4] The original jurisdiction of the Court of Criminal Appeals to issue writs of habeas corpus under the prior constitutional provision was unlimited. State ex rel. Wilson v. Briggs, 171 Tex. Crim. 479, 351 S.W.2d 892 (1961); Ex parte Cvengros, 384 S.W.2d 881 (Tex.Cr.App.1965); Ex parte Degener, 30 Tex. Civ. App. 566, 17 S.W. 1111 (1891); Ex parte Kearby, 35 Tex.Cr.R. 531, 34 S.W. 635 (1896); Ex parte Kearby, 35 Tex.Cr.R. 634, 34 S.W. 962 (1896). See and cf. Ex parte Hofmayer, 420 S.W.2d 137 (Tex.Sup.Ct.1967).

[**11] With these observations, I concur with the result reached.

Service: **Get by LEXSEE®**
Citation: **561 s.w. 2d 845**
View: Full
Date/Time: Tuesday, January 20, 2015 - 4:01 PM EST

* Signal Legend:
- Warning: Negative treatment is indicated
- Questioned: Validity questioned by citing refs
- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.


LexisNexis® About LexisNexis | Privacy Policy | Terms & Conditions | Contact Us
Copyright © 2015 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.