

**NUMBER 13-16-00670-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**IN RE RAYMOND DEBA**

**On Petition for Writ of Mandamus.**

**MEMORANDUM OPINION**

**Before Justices Rodriguez, Garza, and Longoria**
**Memorandum Opinion Per Curiam[1]**

Relator Raymond Deba, proceeding pro se, filed a document in this Court seeking to compel the trial court to comply with an order issued by the Texas Court of Criminal Appeals in cause number WR-85,151-04 which granted relator habeas relief under article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 11.07 (West, Westlaw through 2015 R.S.). Because the document does not reference an order or judgment subject to appeal and relator asks us to command a public officer to perform

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

an act, we construe this document as a petition for writ of mandamus. *See generally* TEX. R. APP. P. 25.1(a), (d); *In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 403 (Tex. App.—Tyler 2006, orig. proceeding) ("The function of the writ of mandamus is to compel action by those who by virtue of their official or quasi-official positions are charged with a positive duty to act.") (citing *Boston v. Garrison*, 152 Tex. 253, 256 S.W.2d 67, 70 (1953)). The document filed by relator is unsupported by a record or appendix; however, it appears that the Texas Court of Criminal Appeals granted relator's application for writ of habeas corpus relief and mandate has now issued in that case. *See generally Ex Parte Deba*, No. WR-85,151-04, 2016 WL 4938346, at *1 (Tex. Crim. App. Sept. 14, 2016) (per curiam) (not designated for publication).

We have no jurisdiction over post-conviction matters in final felony cases. TEX. CODE CRIM. PROC. ANN. art. 11.07; *Ater v. Eighth Ct. of Apps.*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (stating that the exclusive authority to grant post-conviction relief rests with the Texas Court of Criminal Appeals); *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding). Moreover, the Texas Court of Criminal Appeals has the extraordinary writ power to compel compliance with its mandate. *State ex rel. Wilson v. Harris,* 555 S.W.2d 470, 472 (Tex. Crim. App. 1977).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that this Court lacks jurisdiction over this matter. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *State ex rel. Wilson,* 555 S.W.2d at 472. Accordingly, relator's petition for writ of mandamus is dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

2

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
9th day of December, 2016.