"We, the undersigned attorneys representing the state and the attorney representing the defendant Ben Franklin, hereby agree, that the above and foregoing is a true, full, and correct statement of facts, and all the facts in evidence on the trial of the cause of the State of Texas, versus Ben Franklin, recently tried in the County Court of Houston county, Texas. B. F. Dent. County Attorney. John I. Moore, Attorney for Deft. Ben Franklin.

"Examined and approved. C. M. Ellis, County Judge.

"Filed Sept. 20, 1913. O. C. Goodwin, County Clerk."

John I. Moore, of Crockett, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, J. It is contended the evidence is not sufficient. The writer agrees with this contention. The witness Bradley testified that he saw Patton pay defendant 65 cents, and the defendant gave or handed him a bottle containing something like a pint of diluted alcohol to Bradley, who took a drink and placed the same in his (Bradley's) wagon. The allegation as to the purchaser was Patton, and not Bradley. Bradley testified substantially that he and Patton were together, and Patton asked appellant if he could get him some whisky, or something to drink; that the defendant, Franklin, handed Bradley a pint of diluted alcohol, and he took a drink out of it and put it in his wagon, and Patton handed him 65 cents. Patton testified that he did not buy any whisky from appellant; that appellant handed Bradley the whisky as a gift to Bradley for Bradley's

sick wife; and that after this occurred he asked appellant to get him something to drink and gave him 65 cents for that purpose; that, failing to get this whisky or intoxicant, appellant subsequently handed the money back to Patton; that this money had nothing to do with the pint of diluted alcohol that Bradley got. Other witnesses testified to the effect that Bradley admitted to, among others, Mr. Moore, attorney for defendant, that he (Patton) did not buy any intoxicant from appellant; and the statements of these witnesses in regard to what Bradley said to them corroborates and sustains the testimony of the witness Patton. Bradley is under indictment, he says, for bootlegging. The writer is not willing to affirm a case on this character of testimony. It is too flimsy and uncertain, and is too thoroughly contradicted by the evidence of Patton and the statements of Bradley to other witnesses. From any viewpoint of this case, this judgment ought not to have been rendered against appellant. But the majority of the court, after reading the statement of facts, are of the opinion the judgment should be affirmed. The reporter will copy the statement of facts in full.

The judgment is therefore affirmed.

---

### Ex parte LATHAM.

(Court of Criminal Appeals of Texas. Feb. 25, 1914.)

HABEAS CORPUS (§ 113*)—FINDING OF COURT BELOW—CONCLUSIVENESS.

A finding on hearing on habeas corpus that one accused of murder was entitled to bail is binding on the Court of Criminal Appeals.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 102–115; Dec. Dig. § 113.*]

Appeal from District Court, Jones County; J. B. Thomas, Judge.

Minnie Latham was arrested, charged with murder, and sued out a writ of habeas corpus. From an order that she was entitled to bail, fixing her bail at $30,000, she appeals. Bail reduced to $10,000.

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. The appellant was arrested, charged with murder, and sued out a writ of habeas corpus before Hon. J. B. Thomas, judge of the Thirty-Ninth judicial district. On the hearing Judge Thomas held that the relator was entitled to bail, and fixed her bond in the sum of $30,000, from which order an appeal is prosecuted to this court.

After reading the transcript, had the learned trial judge refused bail, we would not feel inclined to disturb such a finding; but he saw the witnesses, and heard the testimony, and found that the applicant was entitled to be admitted to bail, and such finding is binding on this court; and the only question upon which we are called to pass is the reason-

ableness of the amount of the bail, under the evidence. Our Constitution provides that excessive bail shall not be required, and it is held that in fixing the amount of bond we should be governed by the pecuniary circumstances of the accused and the nature of the offense charged. The evidence would show that the appellant has virtually no property, yet she is related to those who are able and willing to give a reasonable bond for her appearance, such as their financial ability will admit of.

Viewing the matter from both the standpoint of ability to give bond and the character of crime charged, we are of the opinion that the amount as fixed is excessive, and would amount to a denial of bail. And this court is of the opinion that a $10,000 bond would be sufficient under all the circumstances. It is therefore ordered that the bond be fixed in the sum of $10,000, instead of $30,000.

Bail reduced.