EX PARTE WILL MITCHELL.

No. 4567.   Decided June 20, 1917.

**Habeas Corpus—Bail—Return of Writ.**

Where relator was indicted in the county where the alleged offense was committed and the venue of the case was changed to another county in the same judicial district, in which latter county the district judge granted a writ of habeas corpus and tried relator denying bail, held, that the writ was returnable to the county where the alleged offense had been committed, and the cause must be reversed and remanded for further proceedings.

Appeal from the District Court of Baylor.   Tried below before the Hon. J. H. Milam.

Appeal from a habeas corpus proceedings denying bail.

The opinion states the case.

No brief on file for relator.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—This is an appeal from a habeas corpus hearing denying bail.

Mr. Mitchell was indicted by the grand jury of Knox County, charging him with murder in that county. By proper order of the District Court of that county the venue of the case was changed to Baylor County. Both counties are in the same district, and Judge J. H. Milam, the judge of the judicial district, of which both are a part. After the venue had been so changed, Mr. Mitchell applied for a writ of habeas corpus, seeking bail. Judge Milam granted the writ, and had the trial in Baylor County, and the order denying bail was made in that county.

The Assistant Attorney General has made a motion to. dismiss the appeal because the district judge had no jurisdiction to hear and decide the cause of habeas corpus in Baylor County.

The writ was properly granted but the statute (art. 167, C. C. P.) requires the writ be made returnable in the county where the alleged offense has been committed. This statute has uniformly been held to be mandatory as shown by the decisions noted in 2 Vernon's Crim. Stats., p. 107.

It is therefore the order of this court that the judgment of Judge Milam refusing bail will be set aside and the writ of habeas corpus will be made returnable in Knox County when Judge Milam will designate the time of hearing in that county and make such orders as to notice and witnesses as will secure a speedy hearing.

Ordered accordingly.

*Reversed with instructions.*