## EX PARTE ANDY MEADOR.

No. 7693.   Decided February 21, 1923.

**1.—Habeas Corpus—Power of District Judge—Bail.**

This court has no doubt of the power of a district judge to admit to bail without the formality of a habeas corpus one indicted for any felony upon known or agreed facts, showing such case when pending in the Court of Criminal Appeals to be bailable.

**2.—Same—Change of Venue—Practice—District Judge.**

When the venue has been changed in a felony case, prior to any effort to obtain bail, the prisoner by agreement or upon knowledge that his case is bailable may be admitted to bail by proper order of the court in which such case is pending without a habeas corpus hearing.

**3.—Same—Habeas Corpus—Practice—District Judge.**

This court does not think it proper for the application for a writ of habeas corpus after a change of venue to be presented in the first instance to the judge of the court of the county in which the offense was committed.

**4.—Same—Case Stated—Habeas Corpus—Change of Venue.**

The judge in whose court relator's case is pending, upon change of venue by order made without habeas corpus, granted bail; later doubting his authority the order granting bail was set aside and relator rearrested; prior to this habeas corpus was refused by the judge of the county from which the venue was changed; held, under the record in the instant case relator is entitled to bail.

From Tom Green County.

Original Habeas Corpus Proceedings, asking relief under a denial for bail by the District Judge.

The opinion states the case.

*G. E. Lockhart* and *Lud Williams,* for relator.

*R. G. Storey,* Assistant Attorney General, and *B. W. Baker* and *Dan M. Jackson,* for the State.

LATTIMORE, JUDGE.—We have no doubt of the power of a district judge to admit to bail without the formality of a habeas corpus, one indicted for any felony upon known or agreed facts showing such case when pending in his court, to be bailable.   Article 224, C. C. P.   Upon allegation of denial of bail, or that bail required was ex-

cessive, a writ of habeas corpus will be granted. Article 184, C. C. P. When necessary to hear evidence to determine the right to bail in a felony case upon habeas corpus trial, it is in accord with Article 167, C. C. P., that the writ of habeas corpus be·made returnable to the proper court in the county where the offense was committed. When the venue has been changed in felony cases prior to any effort to obtain bail, the prisoner by agreement or upon knowledge that his case is bailable, may be admitted to bail by proper order of the court in which such case is pending without a habeas corpus hearing; or said court may grant a writ of habeas corpus returnable to the proper court of the county where such offense was committed, which latter court may make its order discharging the prisoner, or admitting or refusing bail as the facts and law may demand, and have such proceedings certified to the court in which the case is pending in accordance with Articles 204-212 of our Code of Criminal Procedure. The manifest purpose of Article 167, C. C. P., is to obviate the necessity for bringing to some distant county a number of witnesses for or against the right to bail, when a case is pending after a change of venue in a county other than that in which it originated. We do not think it proper for the application for a writ of habeas corpus, after a ·change of venue, to be presented in the first instance to the judge of the court of the county in which the offense was committed. Every reason known to· us points to the propriety of seeking bail at the hands of the court upon whose docket a case may be pending. If however it be shown that upon the grant of a writ of habeas corpus by the court upon whose docket a case was pending on change of venue, that said writ was made returnable· to the court of the county of original jurisdiction, and that said latter court had declined to hear the cause,— we do not think the court granting the writ would be without power to hear and determine ·the right to bail. Article 164 of our Code of Criminal Procedure specifically provides that every provision relating to the writ of habeas corpus shall be most favorably construed in .order to give effect to the remedy and protect the rights of the person seeking relief under same. Our Bill of Rights in Section 11 guarantees the right of bail except in certain capital cases, and to hold that no nisi prius court could hear the facts and grant or refuse bail save the one in the county in which the offense was committed, might amount to a denial of bail,—a thing abhorrent to our law and Constitution. What we have said grows out of the record before us. The judge in whose court relator's case is pending upon change of venue, by order made without habeas corpus granted bail; later, doubting his authority, the order granting such bail was set aside and the relator rearrested and confined in jail. Prior to this an original application for habeas corpus had been presented to the judge of the transferring court and same had been by him refused. After the setting aside of the order granting bail and the reincarceration of relator, he presented

his application to the judge of the court in which his case is now pending, asking that he be granted a writ of habeas corpus and upon the facts heard, be granted bail, but the court refusing to grant said application, relator comès to us. We might direct the issuance of a writ of the judge of the 51st District Court in Tom Green County, where this case is now pending, returnable to the District Court of Andrews County where the offense is alleged to have been committed, which latter court may not now be in session. It is made to appear, however, as a part of the application herein that an agreed statement of facts in this case was submitted to the judge of the 51st District Court, supra, when relator was admitted to bail by simple order and that upon examination of same said judge held relator entitled to bail. It also appears by agreement that a similar statement of facts in a companion case to that of relator, is now before our Court of Criminal Appeals on appeal. In Ex parte Latham, 164 S. W. Rep., 377, we held that the judgment of a District Court on the facts, that one was entiled to bail, was binding on this court.

Without discussing the power of the judge of the 51st District Court to set aside his former order granting bail, we conclude under the facts that relator is entitled to be enlarged, and, therefore, direct that upon his giving bail or a recognizance in the sum of ten thousand dollars in the District Court of Tom Green County, for his proper appearance before said court in accordance with law, that he be released.

*Bail granted.*