**Rufus WALKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42020.**

Court of Criminal Appeals of Texas.

April 9, 1969.

Rehearing Denied June 11, 1969.

Johns, Willard & Hannah, by Theodore R. Johns, Beaumont, Gene Barrington, Silsbee (on appeal only), for appellant.

W. C. Lindsay, Dist. Atty., Cimron Campbell, Asst. Dist. Atty., Beaumont, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is Statutory Rape; the punishment, 25 years.

■ Appellant's first ground of error is that the court erred in granting the State's motion in limine instructing appellant's counsel not to question the prosecutrix as to her chastity prior to the offense alleged. Art. 1183, Vernon's Ann.P.C., reads in part:

"provided that if she is fifteen years of age or over the defendant may show in consent cases she was not of previous chaste character as a defense."

At the time alleged in the indictment, the prosecutrix was under the age of fifteen, as shown by her birth certificate which was introduced in evidence without objection. Nowhere in this record, by bill of exception or otherwise, do we find any intimation that she was not of chaste character. For error to be presented, it was incumbent upon appellant to make a showing, if he could, that the prosecutrix was over the age of 15

and that she was not of previous chaste character.

■ His second ground also relates to a motion in limine. This one instructed the witnesses, including the prosecutrix and her parents, not to tell the jury that they did not wish to pursue the prosecution or want appellant convicted. Appellant was married to the prosecutrix's sister.

In Haley v. State, 127 Tex.Cr.R. 177, 75 S.W.2d 272, this Court said

"After indictment and pending prosecution, it is not within the power of the parties to the transaction to abate the prosecution. Such power is vested by law in the district attorney and the judge presiding in court."

Be this as it may there was ample evidence elicited from several of the witnesses to the effect that they did not want appellant prosecuted.

■ His third ground of error is that the court erred in admitting in evidence the capias issued for appellant in a bond forfeiture proceeding. This indictment charges that the offense occurred on or about July 30, 1966, and was returned September 22, 1966, and yet this trial did not commence until April 2, 1968. There was evidence that appellant was avoiding the officers who were trying to serve the capias. In Guarjardo v. State, Tex.Cr.App., 378 S.W.2d 853, we held that the same evidence was admissible to show flight. Appellant's third ground of error is overruled.

■ Appellant's next three grounds of error relate to the sufficiency of the evidence. The evidence clearly shows the offense to have been committed in July or August of 1966 and the court correctly told the jury that the State was not bound by the exact date set forth in the indictment but authorized the jury to convict if they found that the acts occurred within the year next preceding the return of the indictment.

■ During the trial, a rather unusual turn of events occurred. The prosecutrix testified on direct and cross-examination as to force and penetration. She was in the company of her parents and her sister (appellant's wife) during the course of this three day trial. None of them wanted appellant prosecuted. By noon of the third day of the trial she reached the conclusion that she must change her testimony in order to save the day for the family. She was then called as a witness for appellant and repudiated her prior testimony. The jury was charged and retired to deliberate. It was then made known to the alert trial judge that she wished to correct her repudiation. The jury was instructed to discontinue their deliberation and the court then held a hearing in his chambers with appellant and his attorney present and with the consent of all ordered the jury recalled and heard the prosecutrix reiterate that she had in fact been penetrated by appellant by the use of force. We have examined her testimony with care, as we do in all cases of this nature, and have concluded that she gave a convincing and believable account of what occurred in her original testimony and that her initial repudiation did not comport with human experience and was influenced by her feeling for her family. The fact that she was charged with perjury prior to her last testimony does not alter this conclusion because of the searching in-chambers investigation of the matter personally conducted by the trial court.

■ His last ground of error relates to argument. We have examined each of the three instances complained of and find in one instance that the court sustained appellant's objection and instructed the jury not to consider the argument. Appellant appeared to be satisfied because he asked for no further relief. See the requirement for the presentation of error set forth in our recent opinion in Morris v. State, 432 S.W. 2d 920. The other instances were clearly pleas for law enforcement and were not error.

At the hearing on punishment two prior felony convictions against appellant were stipulated.

Finding no reversible error, the judgment is affirmed.