**James Earl ALEXANDER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44534.**

Court of Criminal Appeals of Texas.

Feb. 9, 1972.

Geo. T. Morris, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., and John Garrett Hill, Asst. Dist. Atty., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction of burglary. The jury assessed the punishment at five years.

Officer B. M. Wall of the Fort Worth Police Department testified that around 2:30 a.m. on June 11, 1970, he checked Ed Hall's Fina Station on East Vickery Street in Fort Worth and found the doors locked. Approximately fifteen minutes later he came back by the station, saw the door open and saw appellant about three feet inside the doorway. The appellant came out and went toward the back of the station. Officer Wall, with his police dog, chased appellant without ever losing sight of him. The appellant was apprehended, handcuffed, warned and searched. A padlock and a nail were found in his pocket. The padlock was the same kind as was on the other padlocked door of the station.

Edwin Hall testestified that he operated this service station and had locked all its doors on June 10, 1970, between 6:30 and 7:00 p.m. He gave no one permission to enter it. He was called from his home at about 3:00 a.m. and went to the service station. He found that a padlock had been broken and several cases of soda water inside the station moved. No merchandise was taken from the building.

The appellant testified that he found the door open, was curious, and picked up the

padlock to throw at dogs, but that he did not enter the station.

The jury had sufficient evidence to conclude that the appellant broke and entered the building with intent to commit theft.

Appellant complains that the court erred in denying his requested charge on circumstantial evidence. In Leaderbrand v. State, Tex.Cr.App., 457 S.W.2d 557, the defendant was seen leaving the burglarized building. It was held that the trial court properly denied a charge on circumstantial evidence. In the present case the appellant was seen inside the burglarized building. We hold that no charge on circumstantial evidence was required.

Appellant presented further arguments under eighteen additional grounds of error in a five-page brief citing no authorities. To set them out would only lengthen this opinion and add nothing to the jurisprudence of this State. Each has been reviewed and none presents reversible error. See Boatright v. State, Tex.Cr.App., 472 S.W.2d 765.

The judgment is affirmed.

MORRISON, J., not participating.