T. C. BIRCHER, Appellant,

v.

The STATE of Texas, Appellee.

No. 45728.

Court of Criminal Appeals of Texas.

Jan. 31, 1973.

Rehearing Denied March 28, 1973.

Will D. Pace, Tyler, for appellant.

Curtis L. Owen, Dist. Atty., and Tom Tatum, Asst. Dist. Atty., Tyler, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for burglary with intent to commit theft; the punishment, five (5) years.

The appellant's diligent and sincere court appointed counsel has briefed and argued several grounds of error. Although the sufficiency of the evidence has not been challenged, an understanding of the grounds of error raised requires a statement of some of the facts.

Thomas Alexander, the elderly prosecuting witness, and his five year old son, approached and entered the house where they lived at about 10 o'clock on a December evening. The small boy was ahead of his father showing the way with his flashlight. Alexander unlocked the door and "flipped [the] light on the wall." He saw a man standing on a divan behind the door. He also "noticed the door to the other room coming to my room was laying on the floor." When Alexander looked around the door at the man the man struck him with an iron crowbar hitting him "up the side of the head." Alexander fell back out of the door onto the ground off of the porch. Alexander's assailant followed him through the door and grabbed Alexander's foot, tripping him as he was struggling to get up. Alexander then kicked the man "in the breast and kicked him off a pretty good piece." His assailant continued to strike at Alexander with the crowbar. When Alexander threw up his arm to fend off the blows, his arm was struck and broken. The man dropped the crowbar, which was found in the yard by investigating officers, "broke loose" from Alexander, "got over the paling and went for his car." Alexander could not "get" and remember the license plate numbers.

Alexander, although he did not know his name, recognized the man who was in the house and who attacked him as being the brother of a young woman who rented a house from Alexander. He had seen him on several previous occasions and knew where he lived.

Light from Christmas light decorations on a neighbor's house was sufficient, Alexander said, for him to see the appellant out in the yard.

In the house the dresser drawers had been pulled out and the "bedticks" had been turned up. Clothing was scattered on the beds and floor. The latch to the back door, which had been locked, "had been prized off and the door had been entered." Officers were called to the scene. Although he could not name him, Alexander told the officers who had been in the house and attacked him when he returned home.

The appellant's first two grounds of error complain that there was a failure to timely appoint defense counsel; that appellant was unlawfully arrested and that there was a failure to properly advise the appellant of his constitutional rights.

The appellant's argument under these grounds of error is an attack upon Alexander's identification of the appellant as the person he found in his house.

Assuming, but not finding, the allegations in these grounds of error to be true, we are unable to see how and the appellant does not explain how his complaints set forth in these grounds of error could have led to a misidentification of the appellant. Alexander, even though he did not know his name, knew who the appellant was at the time he found him in the house and was attacked by the appellant.

The third and fourth grounds of error complain of the testimony of a deputy sheriff who testified that when the appellant was first brought before Alexander and his five year old son the boy ran and said, "That's the man that hit daddy, that's the man that hit daddy." The appellant argues that this hearsay testimony was erroneously admitted and that he was denied his constitutional right of confrontation with the witness making the statement.

While cross-examining the deputy sheriff, defense counsel asked if the little boy was asked at the time of the confrontation whether he could identify the appellant. The officer said "No, he wasn't asked." Defense counsel then said he did not want to know what was said, but did the little boy make a statement and the officer said that he did. On redirect examination the officer was asked what the boy had said. The appellant's objection was sustained before the question was answered. Later the appellant, while testifying in his own behalf, stated that the little boy on the occasion in question had said "No, that's not him."

In rebuttal the officer was recalled and testified without objection, "Well, the little boy, he got out of the car and he started over to our car, and he saw Bircher and he ran back to where his daddy was, saying, 'That's the man that hit daddy, that's the man that hit daddy.'"

■ It would appear this testimony was admissible under the provisions of Article 38.24, Vernon's Ann.C.C.P. and see Wilburn v. State, 418 S.W.2d 832 (Tex.Cr. App.1967) and Jackson v. State, 423 S.W. 2d 322 (Tex.Cr.App.1968).

The fifth ground of error is that the court's charge concerning the time within which the offense could be shown to have been committed erroneously "confus[ed] the defense of alibi."

■ The record reveals some discrepancy in the testimony as to the date of the commission of the offense and the court charged the jury in appropriate language that under the pleadings the state could prove commission of the offense on any date prior to the filing of the indictment and within statute of limitations. Under the record such a charge was proper. Walker v. State, 441 S.W.2d 201 (Tex.Cr. App.1969); Hinton v. State, 137 Tex.Cr.R. 352, 129 S.W.2d 670 (1939) and Mikulec v. State, 97 Tex.Cr.R. 615, 262 S.W. 751 (1924).

■ The appellant's sixth complaint is that the court refused over his objection to charge that the defendant was not compelled to take the stand and testify. The appellant did take the stand and did testify. The trial court properly refused to submit the requested charge.

■ The seventh ground of error urges the court's failure to charge on circumstantial evidence was error. Where the undisputed facts show that a burglary was committed and the appellant was found on the inside of the burglarized house, although there is no positive evidence that the appellant actually did the breaking, it is not error to refuse to submit a circumstantial evidence charge. McCurley v. State, 107 Tex.Cr.R. 425, 296 S.W. 559 (1927); Alexander v. State, 475 S.W.2d 772 (Tex.Cr. App.1972) and Leaderbrand v. State, 457 S.W.2d 557 (Tex.Cr.App.1970).

■ The appellant's eighth ground of error is that the court's charge on alibi was improper. There was not a timely objection to the alibi charge submitted to the jury. Nothing is presented for review. See Article 36.14, V.A.C.C.P. and Woods v. State, 479 S.W.2d 952 (Tex.Cr.App. 1972) and Elmo v. State, 476 S.W.2d 296 (Tex.Cr.App.1972).

The ninth ground of error concerns "the court's failure to allow or consider circumstances of prior guilty plea of Defendant and prior probated sentence some ten years prior to this trial."

■ The appellant elected to have the court assess his punishment. He wanted to testify concerning the circumstances of the commission of the offense to which he had pled guilty in another county. The court ruled that he could not go behind the judgment of the prior conviction but did permit the appellant to testify for a bill of exception as to what the circumstances were. It is within the discretion of the trial court to hear or refuse to hear such testimony. No error is shown.

The last ground of error complains of "the error of highly inflammable, improper and prejudicial argument by the State."

This ground of error is too general in nature and the argument in support of it is multifarious; therefore, under the provisions of Article 40.09, Sec. 9, V.A.C.C.P. nothing is presented for review. A perusal of the argument shows that there was only one general objection made at the time of trial. No ground for that objection was stated when the argument was made. No error is shown.

The judgment is affirmed.

Opinion approved by the Court.