### Ex parte Homer Clifton CAMPBELL.

### Ex parte Linda Harvey CAMPBELL.

### Nos. 57251, 57252.

Court of Criminal Appeals of Texas, Panel No. 2.

May 24, 1978.

Stephen M. Orr, Austin, for appellant.

## OPINION

ONION, Presiding Judge.

These are appeals from orders entered in a habeas corpus proceeding in the 98th District Court of Travis County.

On December 1, 1977 appellants, shown to be husband and wife, filed applications for writ of habeas corpus seeking reduction of bail in twelve aggravated robbery cases each. It was alleged that three cases each were filed in Travis County, and that the other nine cases each were filed in Williamson, Taylor, Lubbock, Gregg, Tarrant and Bexar Counties. The habeas corpus application alleged the bail set in the three Travis County cases against each appellant had been set at $50,000, $25,000 and $25,000, respectively. It was further alleged that bail had been set in varying amounts in the other counties so that when taken with the

bail required in Travis County, each appellant faced a half a million dollars in bail.

At the habeas corpus hearing it was stipulated that each appellant had been indicted in three aggravated robbery cases in Travis County and that the amount of bail set forth in pleadings was the amount of bail set. The parties also stipulated to the fact that each appellant was under indictment in all the counties alleged except Bexar, and the amount of bail being required was also stipulated. The indictments were introduced into evidence by agreement.

Appellants then testified and called other witnesses, mostly relatives, including two cousins and a sister. The thrust of such testimony was that appellants were unable to make the amount of bail assessed in all the cases and did not have the $70,000 or $80,000 it would take to secure sureties. All testified that a lower amount of bail would suffice and that the appellants would appear in court when needed. The relatives volunteered to serve as sureties on lowered bonds if they were acceptable. Evidence was offered as to the health problems of the appellant Linda Campbell, the business of remodeling operated by the appellant Homer Campbell, the heart condition of his father, who was attempting to operate the business while his son was in confinement, the number of children of appellants who had to be placed in other homes, etc.

At the conclusion of the hearing, the trial court reduced bail in all of the Travis County cases to $15,000 in each case, but refused to act to lower the amount of bail in any out of county cases on the basis that it had no authority to do so.

On appeal appellants contend the "trial court erred in refusing to lower the bond amounts complained of since such bond amounts were in violation of United States Constitution; Eighth Amendment and Texas Constitution, Article I, Sec. 11."

Thus, we conclude that the appellants are complaining only of the court's action in refusing to take action in the out of county cases and not the action of the court in lowering the amount of bail required in the Travis County cases.

Article 11.06, V.A.C.C.P., provides:

"Before indictment found, the writ may be made returnable to any county in the State."

Article 11.07, V.A.C.C.P., deals primarily with post-conviction writs of habeas corpus in felony cases. It does provide, however, in § 1 thereof as follows:

"Section 1. After indictment found in any felony case, and before conviction, the writ must be made returnable in the county where the offense has been committed."

■ It is well settled that where a writ of habeas corpus is granted after indictment but before trial, it is the duty of the judge granting the writ upon a proper showing to make it returnable to the judge of the county where the offense covered by the indictment was committed. See *Ex parte Rubison*, 170 Tex.Cr.R. 314, 340 S.W.2d 815 (1960); *Ex parte Meador*, 93 Tex.Cr.R. 450, 248 S.W. 348 (1923). See also *State ex rel. Wilson v. Briggs*, 171 Tex.Cr.R. 479, 351 S.W.2d 892 (1961); *Stakes v. Rogers*, 139 Tex. 650, 165 S.W.2d 81 (1942); *Ex parte Trader*, 24 Tex.App. 393, 6 S.W. 533 (1887); *Ex parte Springfield*, 28 Tex.App. 27, 11 S.W. 677 (1889); *Ex parte Graham*, 64 S.W. 932 (Tex.Cr.App. 1901); *Ex parte Fulton*, 65 S.W. 1059 (Tex. Cr.App.1901); *Ex parte Mitchell*, 81 Tex. Cr.R. 517, 196 S.W. 540 (1917); *Ex parte Traxler*, 148 Tex.Cr.R. 550, 189 S.W.2d 749 (1945). See also *Ex parte Patterson*, 139 Tex.Cr.R. 489, 141 S.W.2d 319 (1940).

In *Ex parte Rubison*, supra, the petitioner filed an application for writ of habeas corpus in a Dallas County district court alleging that he was unlawfully restrained by the sheriff of Dallas County as he was being "held for the Sheriff of Ector County on charges of forgery." The district court granted the writ and enlarged the petitioner on bail and set a date for a hearing. Upon learning subsequently that the petitioner had been indicted by the grand jury of Ector County, the Dallas judge made the writ returnable to the 70th District Court of Ector County and remanded the appellant to custody.

In the *Rubison* opinion this court noted that the habeas corpus application was presented to the Dallas judge pursuant to Article 118, V.A.C.C.P. (now Article 11.06 unchanged), and the writ was granted and hearing set in Dallas County. When the judge learned the petitioner was under indictment in Ector County, the court noted it became the judge's duty under Article 119, V.A.C.C.P. (now Article 11.07), to make the writ returnable to Ector County for a hearing there, and this he did.

Appellants recognize the above rule, but argued that most of the cases dealing with the rule only involved indictments from another county, but in the instant case the 98th District Court had jurisdiction over three cases against each appellant in Travis County and should have jurisdiction over the remainder of the cases even if they involved indictments from other counties. In light of the provisions of Article 11.07, supra, we cannot agree.

■ Appellants nonetheless argue that bail should have been reduced and relief granted in the out of county cases pursuant to Article V, § 8 (district court's right to issue writs of habeas corpus); Article I, § 11 (right to bail except in capital cases where proof is evident; and § 12 (writ of habeas corpus is not to be suspended) of the Texas Constitution. They contend that any limitation upon the writ of habeas corpus by Articles 11.06 and 11.07, V.A.C.C.P., is in violation of Article I, § 12 of the State Constitution. The procedure described by said articles does not suspend the right to the writ of habeas corpus but only provides for the orderly procedural application of its use. Further, we find no violation of the Eighth Amendment, United States Constitution, as claimed, though not briefed. Appellants' contention is without merit.

Thus, we conclude the trial court was correct in refusing to act on the out of county cases, but it should have acted to make the writ returnable to the various counties where the indictments alleged the offenses occurred. See Article 11.07, § 1, supra; *Ex parte Rubison*, supra. Upon remand, the writ should be made returnable

to the various counties unless the applications for writs of habeas corpus are withdrawn by the appellants.

The judgments are affirmed.