**James LIGHTER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 09 86 254 CR.**

Court of Appeals of Texas,
Beaumont.

Nov. 18, 1987.

Rehearing Denied Dec. 30, 1987.

Michael A. McDougal, Conroe, for appellant.

Peter Speer, III, Dist. Atty. and Thomas D. Glenn, Asst. Dist. Atty., Conroe, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was convicted by a jury of the offense of aggravated sexual assault. Punishment was assessed by the jury at twelve years in the Texas Department of Corrections. Appeal has been perfected to this court.

Appellant's first point of error complains of the admission of a photo album (showing sexually explicit photographs) seized under a search warrant "which was based upon an insufficient supporting affidavit." Appellant bases his objection on *TEX. CODE CRIM.PROC.ANN. art. 38.23* (Vernon 1979), in pertinent part:

> "No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused *on the trial of any criminal case.*"

The State concedes that the affidavit for search warrant contains neither the date that the offense occurred, nor the date that the photograph album was seen in the residence. Appellant cites us *Schmidt v. State,* 659 S.W.2d 420 (Tex.Crim.App.1983). In *Schmidt,* the Court wrote:

> "The facts submitted to the magistrate, however, must be sufficient to justify the conclusion that the property that is the object of the search is probably on the premises to be searched *at the time the warrant issues.* [emphasis in original, citing authorities]

[and]

> "The affidavit in the instant case fails to state when the affiant received the information from Bell ... or when Bell obtained his information. There is noth-

ing in the affidavit to demonstrate when the incident it describes took place."
*Id.* at 421.

Act of June 18, 1987, ch. 546, sec. 1, 1987 Tex.Sess. Law Serv. 4406 (Vernon), added this section to *TEX. CODE CRIM.PROC. art. 38.23,* quoted above:

> "(b) It is an exception to the provisions of Subsection (a) of this Article that the evidence was obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause."

This crime probably occurred May 24, 1986. The amending Act, effective September 1, 1987, expressly provides:

> "The change in the law made by this Act applies only to the admissibility of evidence obtained on or after the effective date of this Act. The admissibility of evidence obtained before the effective date of this Act is covered by the law in effect when the evidence was obtained, and the former law is continued in effect for this purpose."

This amendment was, no doubt, passed as a result of *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), which held that evidence obtained in reasonable reliance on a defective search warrant was admissible.

The State argues that *United States v. Leon,* since it was decided in 1984, changes the effect of *TEX. CODE CRIM. PROC.ANN. art. 38.23* (before the amendment effective September 1, 1987). We disagree. *United States v. Leon* was concerned with the application of the Fourth Amendment exclusionary rule. Nowhere in the opinion is there any expression that the Court intended to abolish a statute such as Texas then had. In fact, the Court wrote:

> [R]eviewing, courts will not defer to a warrant based on an affidavit that does not 'provide the magistrate with a substantial basis for determining the existence of probable cause.' *Illinois v. Gates,* 462 US [213], at 239, 76 LEd2d 527, 103 SCt 2317 [, at 2332 (1983) ]."

468 U.S. at 915, 104 S.Ct. at 3416, 82 L.Ed. 2d at 693. And:

> "[T]he exclusionary rule is designed to deter police misconduct rather than to punish the errors of judges and magistrates."

468 U.S. at 916, 104 S.Ct. at 3417, 82 L.Ed. 2d at 694. Hence, under the authority we have cited, at the time this warrant was executed, it would have been defective and the photo album inadmissible. Since this case must be retired (*see Schmidt v. State*, 659 S.W.2d at 422), we will address Appellant's other points which might again arise.

Point of error number two complains of the video tape interview of the complaining witness. *Long v. State*, 742 S.W.2d 302 (Tex.Crim.App. 1987), recently held that *TEX. CODE CRIM. PROC.ANN. art. 38.071, sec. 2* (Vernon Supp.1987), is unconstitutional as being in violation of the Sixth and Fourteenth Amendments of the United States Constitution and article 1, section 10 of the Texas Constitution. A motion for rehearing has been filed in that case and is presently pending before the Texas Court of Criminal Appeals.

■ There is a difference in the case we review and *Long*. Complainant A____ F____ was produced in court immediately after the video tape was shown and was, in fact, cross-examined by Appellant. We see no material difference in this and the former procedure and certainly no harm to Appellant.

Appellant's remaining points of error complain of the following charge given to the jury:

> "You are instructed that the State need not prove that the offense, if any, occurred on the exact date alleged in the indictment, but is sufficient if the State prove beyond a reasonable doubt the alleged offense occurred any time within five years prior to the return of the indictment. The indictment was returned on June 26, 1986."

In *Walker v. State*, 441 S.W.2d 201, 202 (Tex.Crim.App.1969), the Court wrote:

> "[T]he court correctly told the jury that the State was not bound by the exact date set forth in the indictment but authorized the jury to convict if they found that the acts occurred within the year next preceding the return of the indictment."

In *Bircher v. State*, 491 S.W.2d 443, 445 (Tex.Crim.App.1973), the Court wrote:

> "The record reveals some discrepancy in the testimony as to the date of the commission of the offense and the court charged the jury in appropriate language that under the pleadings the state could prove commission of the offense on any date prior to the filing of the indictment and within statute of limitations. Under the record such a charge was proper. [citing authorities]."

*See also, Swabado v. State*, 597 S.W.2d 361, 363 (Tex.Crim.App.1980); *Hill v. State*, 544 S.W.2d 411, 413 (Tex.Crim.App. 1976); *Nees v. State*, 402 S.W.2d 186, 190 (Tex.Crim.App.1966).

■ The limitation for the offense involved in the case we review is five years. *TEX. CODE CRIM.PROC.ANN. art. 12.03(d)* (Vernon 1977) and *12.01(3)(C)* (Vernon Supp.1987). The young girl who is involved is, understandably, somewhat disoriented for times and dates. The instruction was certainly raised by the evidence since Appellant and several others gave alibi testimony that the offense could not possibly have occurred on May 24, 1986, as alleged in the indictment. The indictment alleged "on or about" May 24, 1986. The instruction does not violate *TEX. CODE CRIM.PROC.ANN. art. 21.04* (Vernon 1966) (barring further prosecution for the same incident), nor does it violate article 1, section 10 of the Texas Constitution as Appellant contends. Appellant filed no motion to quash the indictment as in *Swabado v. State*, 597 S.W.2d at 363, which case contains this language:

> "The State is not bound by the date on or about which the offense is alleged to have been committed, and a conviction may be had upon proof that the offense was committed at any time prior to the return of the indictment which is within the period of limitation."

Under the record of this case, we find no error in giving such a charge. For the reason stated earlier in this opinion, this case is reversed and remanded for a new trial.

Reversed and Remanded.