Johnson-AL v. St 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-007-CR

     AARON L. JOHNSON,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 361st District Court
Brazos County, Texas
Trial Court # 20,803-361
                                                                                                    

O P I N I O N
                                                                                                    

      On July 20, 1991, a magistrate informed Aaron Johnson that he was charged with six counts
of aggravated assault with a deadly weapon and set his bail at $60,000—i.e., $10,000 per count. 
Johnson filed an oath of indigency and an attorney was appointed to represent him. On October
29, Johnson filed a Motion for Release Because of Delay since he had been detained for over 90
days and the State was not ready for trial. See Tex. Code Crim. Proc. Ann. art. 17.151, § 1(1)
(Vernon Supp. 1992).


 A district judge set Johnson's bail at $7500 on November 15. A surety
executed a bond and Johnson was released from jail.
      Subsequently, the case was transferred to another district court. On December 3, the court
held a "status of bond" hearing. Apparently concluding that the other district judge only intended
to reduce bail on the first count, the court set bail on the remaining five counts at $50,000—i.e.,
$10,000 per count. Johnson, who was unable to make the additional $50,000 bail, was remanded
back to custody. 
      Johnson filed an Application for Writ of Habeas Corpus on December 6. An unsigned Order
Denying Relief appears in the transcript with the notation "order already signed. 12-20-91." On
December 20, the court reduced Johnson's bail to $30,000—i.e., $5000 per count. Johnson
appeals from the denial of his application for a writ of habeas corpus. We reverse the judgment
and render a judgment that bail be set at $7500.
      Article 17.151 of the Code of Criminal Procedure provides:
A defendant who is detained in jail pending trial of an accusation against him must be
released either on personal bond or by reducing the amount of bail required, if the state is not
ready for trial of the criminal action for which he is being detained within . . . 90 days from
the commencement of his detention if he is accused of a felony.

Id. (emphasis added). When Johnson filed his application for a writ of habeas corpus, he was
entitled to be released on a personal bond or a surety bond he could make. See Jones v. State, 803
S.W.2d 712, 716-17 (Tex. Crim. App. 1991).
      Although on December 20 the court "reduc[ed] the amount of bail required" from $60,000
to $30,000, it did not set bail in an amount Johnson could make. Thus, it effectively denied
Johnson's requested relief. Because Johnson was entitled to be released on a personal bond or a
surety bond he could make, we reverse the judgment. See id. The record indicates that Johnson
can make a $7500 bond. Accordingly, we render the judgment the trial court should have
entered—that Johnson be released on a $7500 surety bond. See Tex. R. App. P. 80(b)(3); Ex parte
Latham, 73 Tex. Crim. 144, 164 S.W. 377, 378 (1914).
 
                                                                                 PER CURIAM

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reversed and rendered
Opinion delivered and filed April 15, 1992
Do not publish



n notice to prepare
for proof that the event happened at any time within the statutory period of limitations.” Thomas
v. State, 753 S.W.2d 688, 693 (Tex. Crim. App. 1988). Proof of a date within the limitations
period other than the date alleged in the indictment does not amount to a variance which will
threaten the validity of a conviction. Id.; see Ex parte Alexander, 685 S.W.2d 57, 59 (Tex. Crim.
App. 1985). 
      The Court of Criminal Appeals has found an instruction such as Paragraph IV to be proper. 
Bircher v. State, 491 S.W.2d 443, 445 (Tex. Crim. App. 1973). In Bircher, the appellant’s point
of error urged that the court’s charge, concerning the time within which the offense could be
shown, confused the defense of alibi. Id. The Court responded: “The record reveals some
discrepancy in the testimony as to the date of the commission of the offense and the court charged
the jury in appropriate language that under the pleadings the state could prove commission of the
offense on any date prior to the filing of the indictment and within statute of limitations. Under
the record such a charge was proper.” Id.; Lighter v. State, 741 S.W.2d 568, 570 (Tex.
App.—Beaumont 1987, pet. ref’d). 
      The Court of Criminal Appeals has addressed sexual assault and indecency with a child
offenses which involve the use of “on or about” in the indictment. See Yzaguirre v. State, 957
S.W.2d 38, 38 (Tex. Crim. App. 1997); Sledge v. State, 953 S.W.2d 253, 253 (Tex. Crim. App.
1997). In Sledge, the appellant questioned the use of “on or about” and the right to be indicted
by a grand jury. Id. at 253-54. The indictment alleged that the offenses of aggravated sexual
assault and indecency with a child occurred “on or about” August 31, 1988. Id. at 254. The State
then specified at a pre-trial hearing that they would prove that the conduct occurred in 1986 and
1987. Id. at 255. The appellant argued that this allowed the State to convict him on extraneous
offenses rather than the indicted offense. The Court stated that the State need not even allege a
specific date in an indictment. Id. at 255-56; Mitchell v. State, 168 Tex. Crim. 606, 330 S.W.2d
459, 462 (1959). The Court found that the events that occurred in 1986 and 1987 were anterior
to the presentment of the indictment and within the limitations period and therefore were not
extraneous offenses. 
      In Yzaguirre, the Court of Criminal Appeals re-emphasized the holding in Sledge. Yzaguirre,
957 S.W.2d at 39. The indictment alleged that the defendant committed the offense of aggravated
sexual assault “on or about” April 23, 1995. Id. at 38. The State did not introduce any evidence
that the offense occurred on this date. The child victim testified that it occurred around
Thanksgiving of 1994. Id. The appellant argued that his counsel was ineffective because he failed
to object to this testimony as evidence of an extraneous offense. The Court held that the “State
was entitled to rely upon an instance of prior conduct occurring during the preceding year that
otherwise met the description of the offense in the indictment.” Id. at 39. 
      We acknowledge that the use of “on or about” in an indictment is broad and does not provide
much notice of the specific date the offense was committed. According to the Fort Worth Court
of Appeals, “It does not make sense to pretend such broad pleading provides any notice to the
defense regarding the date of the offense alleged. Consequently, a defendant is effectively denied
a defense of alibi, as well as other important defenses.” See Sledge v. State, 903 S.W.2d 105,
107-08 (Tex. App.—Fort Worth 1995), aff’d, 953 S.W.2d 253 (Tex. Crim. App. 1997). 
However, the Court recognized case authority which holds that proof is sufficient if the State
proves the offense occurred on a date anterior to the presentment of the indictment but within the
limitations period. Id. at 107; accord Scoggan, 799 S.W.2d at 680 n.3; Glenn, 436 S.W.2d at
346. 
      The Court of Appeals further stated:
This great latitude given to the State has a rational basis when the victim is a young child. 
A young child may make no outcry for several months or even years. When outcry is
finally made, the child often is unable to establish a specific date of the offense but must
pinpoint the event by describing it in terms of significant holidays, a particular residence,
or the circumstances of the offense itself.

Sledge, 903 S.W.2d at 107. The Court found that the “case law has balanced the interest of the
State in prosecuting cases in which children are the victims against the due process interest of the
person accused of such crimes.” Id. at 109. Further, “courts have determined that allowing
broad, general pleading, limited by a form of oral bill of particulars, best protects these competing
interests.” Id. 
      The Court of Criminal Appeals affirmed the Sledge case and responded to appellant’s
constitutional challenge as follows:
Judge Meyers’ dissent argues that in order to comply with our constitution, the State is
required to prove that an offense occurred within a few days of the date alleged in the
indictment. This is, of course, contrary to well-established law on the matter. 
Furthermore, such an interpretation of the constitutional provision would render
prosecutions for offenses against children a virtual impossibility--it is not often that a
child knows, even within a few days, the date that she was sexually assaulted. And, the
younger the child, the greater the possibility that her abuser could never be convicted. 

Sledge, 953 S.W.2d at 256 n.8. 
      Jones attempts to distinguish this case from Sledge on the basis that the victim is older and
there is not a continuous pattern of abuse. However, we do not feel that these differences
necessitate deviating from the holding in Sledge and the well-established case law which holds that
the use of “on or about” in an indictment permits proof of an offense which occurred prior to
presentment of the indictment and within the statute of limitations. A defendant is put on notice
to prepare for proof that the event happened at any time during the statute of limitations. Thomas,
753 S.W.2d at 693. A jury instruction which concerns the time within the offense could be proven
is proper. See Bircher, 491 S.W.2d at 445; Lighter, 741 S.W.2d at 570. 
CONCLUSION
       In this case, the indictment alleged that the offense occurred “on or about” the 1st day of
March 1995. The testimony at trial revealed that the offense might have occurred in the fall of
1995. Paragraph IV correctly informed the jury of the law concerning the use of “on or about”
in an indictment. Paragraph IV allowed the jury to find that the offense was committed before
presentment of the indictment on December 10, 1996, and within the five year statute of
limitations. 
      Therefore, we find that the trial court did not err in overruling Jones’ objections to Paragraph
IV. Under present authority, Paragraph IV does not: (1) permit the state to amend the indictment
after trial commences; (2) violate Jones’ right to due process under the Fifth and Fourteenth
Amendments; (3) violate Jones’ right to due course of law under Article I, Sections 10 and 19 of
the Texas Constitution; (4) prevent Jones from presenting an alibi defense; or (5) permit proof and
conviction on facts at variance with the allegations in the indictment. Accordingly, we overrule
Jones’ first through fifth points of error. 
      We affirm the judgment.
 
 REX D. DAVIS
 Chief Justice


Before Chief Justice Davis
       Justice Cummings and
       Justice Vance
Affirmed
Opinion delivered and filed April 1, 1998 
Do not publish