IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-08-00010-CR

 

In re
Anthony Petruccelli

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 








            Anthony Petruccelli seeks a writ of
mandamus compelling Respondents, the Honorable Robert Stem, Judge of the 82nd District Court of Falls County, and the Honorable Larry R. Hoelscher, District Clerk of
Falls County, to provide him a free copy of the trial record from his
prosecution for aggravated assault to use in a postconviction habeas
proceeding.[1]

            To the extent Petruccelli seeks
mandamus relief against Respondent Hoelscher, this Court does not have
jurisdiction to issue a writ of mandamus
against a district clerk except to protect its
jurisdiction.  See Tex. Gov’t
Code Ann. § 22.221(b) (Vernon 2004); In re Strickhausen, 994 S.W.2d
936, 936 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (per curiam).  Because
Petruccelli’s request does not allege conduct which may deprive this Court of
jurisdiction, we do not have jurisdiction to issue a writ of mandamus
against Respondent Hoelscher.

            A defendant is not entitled to a free
copy of the record after exhausting the direct appeal in the absence of a
specific, compelling reason.  See Strickhausen, 994 S.W.2d at 937; In
re Coronado, 980 S.W.2d 691, 693 (Tex. App.—San Antonio 1998, orig.
proceeding) (per curiam); Eubanks v. Mullin, 909 S.W.2d 574, 576-77
(Tex. App.—Fort Worth 1995, orig. proceeding).

            Petruccelli does not offer a specific
reason for his request.  Instead, he cites numerous authorities supporting the
proposition that an indigent defendant is entitled to free access to a copy of
the trial record for his first appeal of right.  See, e.g., Griffin v.
Illinois, 351 U.S. 12, 18-19, 76 S. Ct. 585, 590-91, 100 L. Ed. 891, 899
(1956); Abdnor v. State, 712 S.W.2d 136, 139 (Tex. Crim. App. 1986); Turner
v. State, 71 S.W.3d 928, 929 (Tex. App.—Waco 2002, order) (per curiam).  This
is not a sufficient basis to warrant the relief requested.  See Strickhausen,
994 S.W.2d at 937; Coronado, 980 S.W.2d at 693; Eubanks, 909 S.W.2d
at 576-77.

            Accordingly, the petition is denied.

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Petition denied

Opinion delivered and
filed January 30, 2008

[OT06]









[1]
              This Court affirmed
Petruccelli’s conviction for aggravated assault in 2005.  See Petruccelli v.
State, 174 S.W.3d 761 (Tex. App.—Waco 2005, pet. ref’d).








hat he was charged with six counts
of aggravated assault with a deadly weapon and set his bail at $60,000—i.e., $10,000 per count. 
Johnson filed an oath of indigency and an attorney was appointed to represent him. On October
29, Johnson filed a Motion for Release Because of Delay since he had been detained for over 90
days and the State was not ready for trial. See Tex. Code Crim. Proc. Ann. art. 17.151, § 1(1)
(Vernon Supp. 1992).


 A district judge set Johnson's bail at $7500 on November 15. A surety
executed a bond and Johnson was released from jail.
      Subsequently, the case was transferred to another district court. On December 3, the court
held a "status of bond" hearing. Apparently concluding that the other district judge only intended
to reduce bail on the first count, the court set bail on the remaining five counts at $50,000—i.e.,
$10,000 per count. Johnson, who was unable to make the additional $50,000 bail, was remanded
back to custody. 
      Johnson filed an Application for Writ of Habeas Corpus on December 6. An unsigned Order
Denying Relief appears in the transcript with the notation "order already signed. 12-20-91." On
December 20, the court reduced Johnson's bail to $30,000—i.e., $5000 per count. Johnson
appeals from the denial of his application for a writ of habeas corpus. We reverse the judgment
and render a judgment that bail be set at $7500.
      Article 17.151 of the Code of Criminal Procedure provides:
A defendant who is detained in jail pending trial of an accusation against him must be
released either on personal bond or by reducing the amount of bail required, if the state is not
ready for trial of the criminal action for which he is being detained within . . . 90 days from
the commencement of his detention if he is accused of a felony.

Id. (emphasis added). When Johnson filed his application for a writ of habeas corpus, he was
entitled to be released on a personal bond or a surety bond he could make. See Jones v. State, 803
S.W.2d 712, 716-17 (Tex. Crim. App. 1991).
      Although on December 20 the court "reduc[ed] the amount of bail required" from $60,000
to $30,000, it did not set bail in an amount Johnson could make. Thus, it effectively denied
Johnson's requested relief. Because Johnson was entitled to be released on a personal bond or a
surety bond he could make, we reverse the judgment. See id. The record indicates that Johnson
can make a $7500 bond. Accordingly, we render the judgment the trial court should have
entered—that Johnson be released on a $7500 surety bond. See Tex. R. App. P. 80(b)(3); Ex parte
Latham, 73 Tex. Crim. 144, 164 S.W. 377, 378 (1914).
 
                                                                                 PER CURIAM

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reversed and rendered
Opinion delivered and filed April 15, 1992
Do not publish