# NO. 12-07-00309-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *NICHOLAI SAVANT DAVIS,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Nicholai Savant Davis appeals from his conviction for sexual assault. In three issues, he challenges the sufficiency of the evidence and argues that the trial court erred in overruling his motion to suppress. We modify the judgment, and affirm as modified.

### BACKGROUND

Appellant lived in the same neighborhood as the complaining witness and her family. He became acquainted with the family when he helped them move into the neighborhood. The complaining witness, a girl who was fifteen years old at the time, had been left at home alone when her mother and stepfather went to the family's deer lease. The mother had a premonition that something was amiss and attempted to call her daughter. After several attempts, she finally reached her daughter. The daughter sounded intoxicated, and the mother rushed home. She entered the mobile home and looked through a hole in the door to her daughter's room. Through the hole, the mother saw Appellant engaged in sexual intercourse with her daughter. She burst into the room, and Appellant grabbed his clothes and fled. The mother got her husband's shotgun with more than

passing intent to kill Appellant for violating her daughter. Instead, she called the authorities. And when Appellant sheepishly returned to the door of the mobile home to retrieve his truck keys, the irate mother only threatened him.

Peace officers arrived quickly. The first officer on the scene, a Department of Public Safety trooper, arrived while Appellant was still outside the home trying to retrieve his truck keys. The trooper detained Appellant, and soon thereafter put him in another officer's car. The trooper entered the residence and found the complaining witness lying in her bed and naked from the waist down. He described the girl as "very incoherent . . . like she was inebriated or impaired." Her speech was very slurred, and she was unable to tell him what had happened. The trooper called for an ambulance, and the girl was taken to a hospital.

After being read and waiving his *Miranda*[1] rights, Appellant gave a recorded statement in which he admitted that he had given the girl a Xanax pill and that she had performed oral sex on him, but denied having sexual intercourse with her. The police inventoried Appellant's vehicle and found a prescription bottle containing Xanax that had been prescribed to Appellant's mother.

Appellant was indicted for two counts of sexual assault, one alleging that he penetrated the sexual organ of the victim with his sexual organ, the other alleging that he penetrated her mouth with his sexual organ. A trial was held, and Appellant pleaded not guilty. At the conclusion of the presentation of evidence, Appellant moved for a directed verdict on both counts. The trial court granted the motion with respect to the count alleging penetration of the girl's mouth, but denied it with respect to the other count. The jury found Appellant guilty and assessed punishment at imprisonment for four years and a fine of $1,500. This appeal followed.

## ADMISSION OF CONFESSION

In his first issue, Appellant complains that the trial court erred in denying his motion to suppress his videotaped statement because the State failed to provide the tape of the statement earlier than twenty days before trial.

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S. Ct. 1602, 1612, 16 L. Ed. 2d 694, 706 (1966).

## Applicable Law

In relevant part, article 38.22 of the Texas Code of Criminal Procedure provides that

> [n]o oral or sign language statement of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding unless:
>
> (1)      an electronic recording, which may include motion picture, video tape, or other visual recording, is made of the statement;
>
> (2)      prior to the statement but during the recording the accused is given the warning in Subsection (a) of Section 2 above and the accused knowingly, intelligently, and voluntarily waives any rights set out in the warning;
>
> (3)      the recording device was capable of making an accurate recording, the operator was competent, and the recording is accurate and has not been altered;
>
> (4)      all voices on the recording are identified; and
>
> (5)      not later than the 20th day before the date of the proceeding, the attorney representing the defendant is provided with a true, complete, and accurate copy of all recordings of the defendant made under this article.

TEX. CODE CRIM. PROC. ANN. art. 38.22 § 3(a) (Vernon 2005). If the state fails to provide the accused with the copies of the recordings twenty days prior to a suppression hearing or trial, the defendant must object at the pretrial hearing to the state's failure to comply with the statute. *Lane v. State*, 933 S.W.2d 504, 516 (Tex. Crim. App. 1996). If a defendant objects, he is entitled to a twenty day continuance of the hearing to examine the copies of the recordings. *Id*. If he does not object, any complaint regarding receiving the recordings twenty days prior to the hearing is waived. *Id*.

Generally, in order to preserve an appellate complaint about an alleged trial error, a party must have made the complaint known to the trial court by a timely request, objection, or motion that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. R. 33.1(a). And an appellant may not raise an issue on appeal that does not comport with his objection at trial. *Swain v. State*, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005).

## Application

On June 20, 2007, at a hearing on his motion to suppress, Appellant learned that the police had recorded the statement he gave in the police car. He objected to the tape on the grounds that it

had not been provided twenty days before the hearing. In response, the trial court advised Appellant and the State to pick another date to hear the motion to suppress. The parties apparently agreed to resume the hearing on July 5, 2007.

Appellant did not object to the new hearing date, which was fifteen days after he learned of the tape, or file a motion for continuance demanding a twenty day delay, pursuant to article 38.22. He appeared at the reconvened suppression hearing and at the trial without making any further objection about the timeliness of the State's providing him with the video tape. Instead, he objected to the tape on a different basis–the identification of the voices–at the reconvened suppression hearing. At trial he objected only that the "statement was not made knowingly, intelligently, and voluntarily," and that the tape did not visually depict the statement being made.[2] Therefore, no complaint about the twenty day requirement is preserved. We overrule Appellant's first issue.

## SUFFICIENCY OF THE EVIDENCE

In his second and third issues, Appellant argues that the evidence is legally and factually insufficient to sustain the conviction. Specifically, he argues that there is not sufficient evidence to show that he penetrated the sexual organ of the child with his sexual organ.

### Standards of Review

The due process guarantee of the Fourteenth Amendment requires that a conviction be supported by legally sufficient evidence. *See Jackson v. Virginia*, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979); *Ross v. State*, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004); *Willis v. State*, 192 S.W.3d 585, 592 (Tex. App.–Tyler 2006, pet. ref'd). Evidence is not legally sufficient if, when viewing the evidence in a light most favorable to the verdict, we conclude that no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).

---

[2] Appellant first objected to the tape at trial on the basis that he had not waived his rights before talking to the officer. That objection was sustained, but the State offered further foundational evidence. Appellant did not repeat that objection, or the timeliness objection, and the trial court ultimately admitted the tape.

4

While legal sufficiency is all that is required by the U.S. Constitution, the Texas Court of Criminal Appeals has determined that the Texas Constitution requires review of the factual sufficiency of the evidence. *Clewis v. State*, 922 S.W.2d 126, 129-30 (Tex. Crim. App. 1996). In conducting a factual sufficiency review of the evidence, we must first assume that the evidence is legally sufficient. *Santellan v. State*, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). We review the factual sufficiency of the evidence to determine whether, considering all the evidence in a neutral light, the evidence supporting the conviction is too weak to withstand scrutiny or the great weight and preponderance of the evidence contradicts the jury's verdict to the extent that the verdict is clearly wrong and manifestly unjust. *See Watson v. State*, 204 S.W.3d 404, 414–15, 417 (Tex. Crim. 2006). A verdict will be set aside "only if the evidence supporting guilt is so obviously weak, or the contrary evidence so overwhelmingly outweighs the supporting evidence, as to render the conviction clearly wrong and manifestly unjust." *Ortiz v. State*, 93 S.W.3d 79, 87 (Tex. Crim. App. 2002). A clearly wrong and manifestly unjust verdict occurs where the jury's finding "shocks the conscience" or "clearly demonstrates bias." *Jones v. State*, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996).

The count of the indictment on which Appellant was convicted alleged that Appellant "did then and there intentionally or knowingly cause the penetration of the sexual organ of N.M.G., a child who was then and there younger than 17 years of age and not the spouse of the defendant, by defendant's sexual organ." *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(A) (Vernon Supp. 2008).

**Application**

The complaining witness was under the influence of drugs and alcohol at the time of the assault. She testified that Appellant had given her a pill, which she did not take, and later, that Appellant had given her a beer. The witness said that soon after drinking part of the beer, she began "to feel funny." Tests done on her blood after the assault showed that she had a blood alcohol level in excess of the legal limit for driving and that she had Xanax in her system. Police recovered a bottle of Xanax in Appellant's vehicle. The witness testified that she had no memory of what happened after drinking the beer. The emergency room nurse who examined the victim could not identify any physical evidence of sexual penetration.

5

The complaining witness's mother testified that she "walked in on [Appellant] sexually molesting my daughter." She testified that when she returned to her home, she looked into her daughter's room through the hole where the door knob was missing and "saw the defendant in my daughter. I saw his bare butt, and saw him thrusting." She described Appellant as naked from the waist down and having an erection. She said Appellant "was on top of my daughter. My daughter's legs were wrapped around him, or on him." Appellant's trial attorney asked the mother about the statement[3] she gave the police. The attorney asked, "[Y]our statement says that at that point you saw [Appellant] with his [sexual organ] in your daughter's [sexual organ?]" The mother said, "Yes, sir."

The contested issue here is whether the State proved that Appellant penetrated the sexual organ of the complaining witness. Viewed in the light most favorable to the verdict, the mother's testimony is sufficient evidence to support the jury's conclusion that Appellant penetrated the sexual organ of the complaining witness. Therefore, we hold that the evidence is legally sufficient to support the conviction. Appellant's second issue is overruled.

We reach the same result after reviewing the factual sufficiency of the evidence. Appellant argues that the mother's testimony that she saw Appellant "thrusting" is not sufficient to prove penetration. He further argues that her testimony is unreliable because her statements suggest a racial bias against Appellant and because of discrepancies in her statement to the police and her testimony at trial. This is a question of the credibility of the witness, and the jury was in the best position to weigh any bias or inconsistency and to determine whether her testimony should be credited. In light of all of the evidence, and the appropriate standard of review, the evidence is factually sufficient to support the jury's conclusion regarding penetration and to support the conviction. Appellant's third issue is overruled.

### CONCLUSION

We have overruled Appellant's three issues. We also note that the written judgment does not reflect the fine assessed by the jury. Accordingly, we *modify* the judgment to reflect a fine of

---

[3] The mother's statement was not admitted into evidence.

6

$1,500. *See* Tᴇx. R. Aᴘᴘ. P. 43.2(b); ***Blaylock v. State***, 259 S.W.2d 202, 212 (Tex. App.–Texarkana 2008, pet. ref'd) (holding that an appellate court's authority to reform judgment is not dependent on the request of any party).  We ***affirm*** the judgment of the trial court ***as modified***.


                            <u>  SAM GRIFFITH  </u>
                                   Justice


Opinion delivered November 26, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)