

# NUMBER 13-24-00490-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE IZAYIK GARCIA

## ON PETITION FOR WRIT OF MANDAMUS

## OPINION

### Before Justices Longoria, Tijerina, and Peña
### Opinion by Justice Longoria[1]

This Court issued a memorandum opinion in this cause on December 9, 2024, denying mandamus relief. *See In re Garcia*, No. 13-24-00490-CR, 2024 WL 5050035, at *1–3 (Tex. App.—Corpus Christi–Edinburg Dec. 9, 2024, orig. proceeding) (mem. op., not designated for publication). Thereafter, the State of Texas filed a motion to reconsider our decision not to publish. We grant the State's motion, and we designate this memorandum

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

opinion as published. We withdraw our memorandum opinion of December 9, 2024, and we substitute the following memorandum opinion in its place. *See* TEX. R. APP. P. 47.2(b).

By petition for writ of mandamus, relator Izayik Garcia contends that the trial court erred by denying his application for writ of habeas corpus seeking release, or a personal bond, or a bond he can financially afford. *See* TEX. CODE CRIM. PROC. ANN. art. 17.151. We deny the petition for writ of mandamus.

## I.    BACKGROUND

Relator asserts that he was arrested on May 27, 2024, for felony offenses and has been imprisoned in lieu of a $90,000 bond. On September 24, 2024, he filed an "Application for Writ of Habeas Corpus Seeking Release Because of Delay Under Article 17.151." In his application, relator alleged that he was charged with felony offenses, arrested on May 27, 2024, and detained in jail in excess of ninety days. Relator argued that he should be discharged from confinement or allowed bail in a reasonable amount. Relator requested the trial court to allow bail in a reasonable amount.

In this original proceeding, relator asserts that the trial court held a hearing on his application but denied "the motion in total." Relator contends that his continued incarceration does not comply with the constitution or the code of criminal procedure, and he asserts that he "must be released on personal bond." *See* TEX CONST. art. 1, § 13; TEX. CODE CRIM. PROC. ANN. art. 1.07, 17.151.

This Court requested and received a response to the petition for writ of mandamus from the State of Texas. Citing numerous cases reviewing the denial of habeas corpus applications under article 17.151 by direct appeal, the State asserts that relator's

2

appellate remedy defeats the request for mandamus relief. The State further argues that mandamus is not appropriate "because there remains uncertainty as to the burden to show inability to pay for the bond amount in question," given two arguably conflicting opinions issued by the Texas Court of Criminal Appeals. *See Ex parte Lanclos*, 624 S.W.3d 923, 927 (Tex. Crim. App. 2021); *Ex parte Gill*, 413 S.W.3d 425, 431 (Tex. Crim. App. 2013). In reply, relator asserts that the "[c]ase law is clear that reversal and remand to the trial court is warranted," and "[t]here is no remedy on appeal for unjust pretrial incarceration on an unindicted charge."

## II.    STANDARD OF REVIEW

"Mandamus is intended to be an extraordinary remedy, available only in limited circumstances." *State ex rel. Wice v. Fifth Jud. Dist. Ct. of Apps.*, 581 S.W.3d 189, 193 (Tex. Crim. App. 2018) (orig. proceeding). In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). It is the relator's burden to properly request and show entitlement to mandamus relief. *See In re Schreck*, 642 S.W.3d 925, 927 (Tex. App.—Amarillo 2022, orig. proceeding); *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding). This burden includes providing a sufficient record to establish the right to mandamus relief. *In re Schreck*, 642 S.W.3d at 927; *In re Pena*, 619

3

S.W.3d at 839; *see also* TEX. R. APP. P. 52.3(k) (delineating the required contents for the appendix in an original proceeding), 52.7(a) (providing that the relator "must file" a record including specific matters).

To establish that the act at issue is ministerial in nature, the relator must show that it has a clear right to the relief sought, that the merits of the relief sought are beyond dispute, that there is nothing left to the exercise of discretion or judgment, and that the facts and circumstances compel only one rational decision under unequivocal, well-settled, and clearly controlling legal principles. *In re City of Lubbock*, 666 S.W.3d 546, 553 (Tex. Crim. App. 2023) (orig. proceeding). In this regard, "[m]andamus relief is inappropriate if the law surrounding the court's action is unclear." *State ex rel. Wice*, 581 S.W.3d at 194. Nevertheless, "an issue of first impression can qualify for mandamus relief when the principle of law is so plainly prescribed as to be free from doubt," and likewise, mandamus may be appropriate to address the application of a statute when its terms are clear. *In re State ex rel. Wice*, 668 S.W.3d 662, 671 (Tex. Crim. App. 2023) (orig. proceeding) (quoting *State ex rel. Wice*, 581 S.W.3d at 194).

Mandamus is appropriate when direct appeal does not provide an adequate remedy and there is no other vehicle for obtaining relief. *In re Medina*, 475 S.W.3d 291, 298 (Tex. Crim. App. 2015) (orig. proceeding). However, even when a legal remedy is available, it can be "so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate." *In re Smith*, 665 S.W.3d 449, 454 (Tex. Crim. App. 2022) (orig. proceeding) (quoting *State ex rel. Wice*, 581 S.W.3d at 194). Nevertheless, mandamus is not a substitute for appeal. *In re Medina*, 475 S.W.3d at 305;

*State ex rel. Healey v. McMeans*, 884 S.W.2d 772, 774 (Tex. Crim. App. 1994) (orig. proceeding); *Bradley v. Miller*, 458 S.W.2d 673, 675 (Tex. Crim. App. 1970) (orig. proceeding) ("[Mandamus] is not a substitute for and cannot be used to perform the office of an appeal.").

### III.    ANALYSIS

"Article 17.151 is mandatory; if the State is not ready for trial within 90 days of the beginning of the defendant's detention, the defendant accused of a felony must be released on personal bond or by reducing the required bail amount." *Ex parte Lanclos*, 624 S.W.3d at 927; *see* TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1). "Under those circumstances, the judge has only two options: either release the accused on personal bond or reduce the required bail amount." *Ex parte Lanclos*, 624 S.W.3d at 927. "If the court chooses to reduce the amount of bail required, it must reduce it to an amount that the record reflects the accused can make." *Id.*

Here, relator has not furnished us with the transcript of the trial court's hearing on this matter, and the record is devoid of any evidence pertaining to a release on personal bond, or the required bail amount, or the reduction thereof.[2] Based on the parties' arguments and the limited record provided, it appears that the trial court considered the relator's application on its merits yet failed to elect either of the two options required by statute. *See id.* Even if this is the case; however, we agree with the State that relator

---

[2] Relator supports his request for relief with: (1) a copy of his application for writ of habeas corpus, supported by counsel's affidavit; (2) the trial court's order denying the application; (3) the text of articles 1.07, 17.03, and 17.151 of the code of criminal procedure; and (4) a verification stating that relator was restrained in the Bee County Jail as of October 8, 2024.

possessed a remedy by appeal to assail the trial court's ruling. *See, e.g.*, *Ex parte Lanclos*, 624 S.W.3d 923; *Ex parte Sifuentes*, 639 S.W.3d 842 (Tex. App.—San Antonio 2022, pet. ref'd); *Ex parte Lott*, 659 S.W.3d 80 (Tex. App.—Beaumont 2022, no pet.). While relator contends that appeal is inadequate insofar as he would "remain incarcerated" pending appeal, his constitutional and statutory rights to bond have been denied, and an appellate remedy would be too speculative, we see no particular circumstances that distinguish this case from other similar appeals. Moreover, the appellate remedy is expedited in nature, and thus would appear to be adequate. *See generally* TEX. R. APP. P. 31.1, 31.2; *see also In re Ross*, No. 10-13-00220-CR, 2013 WL 3845850, at *1 (Tex. App.—Waco July 25, 2013, orig. proceeding) (mem. op., not designated for publication) (concluding that the relator possessed a "plainly adequate" remedy by appeal to address the trial court's failure to grant a personal bond or reduced bail in accordance with article 17.151).

## IV.    CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the State's response, the reply, the limited record, and the applicable law, is of the opinion that the petition for writ of mandamus should be denied. Accordingly, we deny the petition for writ of mandamus. Our denial is without prejudice to further review, if any.

NORA L. LONGORIA
Justice

Publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
30th day of December, 2024.